MARY J. LYNCH, Respondent, *v.* THE BROOKLYN CITY RAILROAD COMPANY, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May* 13, 1889.

1. *Negligence. Question for jury.*—In an action for personal injuries on the ground of the negligence of defendant's driver in dropping a whiffletree on the heels of his team, the question whether the driver negligently permitted the whiffletree to drop upon the heels of the horses, thus frightening them, or whether the horses became frightened from the report of blasting in the vicinity, and started, and thus pulled the whiffletree from the hands of the driver, is one for the jury to determine upon the evidence, and the finding cannot be disturbed.
2. *Same. Evidence.*—It is competent, in an action for negligence, to show plaintiff's business and earnings, in order to properly estimate the damages for loss of time.

Appeal from a judgment entered on a verdict, and from an order denying a motion for a new trial.

*Morris & Pearsall*, for appellant.

*B. F. Tracy*, for respondent.

PRATT, J.—This suit is for damages for personal injuries. It seems that the plaintiff was riding in a public street upon a milk wagon, when a span of horses belonging to the defendant, that were running away, ran into the wagon and injured the plaintiff.   The horses, just previously to their running away, had been attached to defendant's car, and the driver was in the act of changing the horses to the opposite end of the car when either the whiffletree fell on the horses' heels, or they became frightened from some other cause, and started on a swift run, with the result aforesaid.

One of the main questions of fact upon the trial was whether the driver negligently permitted the whiffletree to drop upon the heels of the horses, thus frightening them, or whether the horses became frightened from the report of blasting in the vicinity, and started, and thus pulled the whiffletree from the hands of the driver.

This was a fair question for the jury to determine upon the evidence, and their finding cannot be disturbed.

It was a pure question of fact depending upon the credibility of the witnesses.   We must assume from the verdict that the cause of the horses running away was the result of the driver's letting the whiffletree fall upon the heels of the horses, and that in so doing he was negligent.

There being no question of contributory negligence upon the part of the plaintiff, it only remains to see if any error prejudicial to the defendant was committed upon the trial.

No exception to the admission or rejection of evidence seems to have been well taken.   It was certainly competent to show the business and earning of the plaintiff, in order

to properly estimate the damages for loss of time. It was certainly as competent to show that plaintiff had been engaged for the cases of midwifery and the prices therefor, as to show she was engaged in any other employment, at a stipulated compensation. Other exceptions relate to the condition of the plaintiff after the accident and as to the extent and severity of the injury.

We have examined all the exceptions and find none sufficient to warrant a setting aside of the verdict. Neither can we say, in view of the proofs, that the damages are excessive.

The judgment must therefore be affirmed, with costs.

All concur.