(45 Misc. 579)

### JONAS v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   December 7, 1904.)

1. PERSONAL INJURIES—DAMAGES—LOSS OF PROFITS.
    In an action for personal injuries plaintiff may not recover loss of profits from his business, where the earnings do not proceed entirely from his labor, but involve the use of his store, a truck, and capital, and the labor of hired men.

Appeal from City Court of New York, Trial Term.

Action by Julius Jones against the Interurban Street Railway Company. From a judgment for plaintiff on a verdict and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
I. H. Kramer, for respondent.

FREEDMAN, P. J.   In an action to recover damages for personal injuries to plaintiff under the allegations of his complaint that he "was and is still prevented from attending to his vocation, and will for a long time be unable to attend to his vocation properly, as he is informed and verily believes, and was confined to his home for upwards of three weeks," he was permitted to testify to loss of profits from his business. This testimony was duly objected and excepted to. Evidence of this kind is admissible only where the earnings proceed entirely from the plaintiff's labor. But in the present case it appeared from plaintiff's own testimony that the profits of his business did not entirely depend upon his own personal services, but involved the use of his store, an expensive truck, and a daily capital of $135 to $150, in addition to the labor of two hired men, one of whom he called his "associate in business." The admission of this evidence constituted reversible error under the authorities. Johnson v. Manhattan Ry. Co., 52 Hun, 111, 4 N. Y. Supp. 848; Blate v. Third Ave. R. R. Co., 29 App. Div. 388, 51 N. Y. Supp. 590; Masterson v. Village of Mt. Vernon, 58

N. Y. 391; Hewlett v. Brooklyn Heights R. R. Co., 63 App. Div. 426, 71 N. Y. Supp. 531.

The judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

