ADOLPH S. KRONOLD, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

NEGLIGENCE — LOSS OF INCOME AS AN ELEMENT OF DAMAGE. The fact that the plaintiff, in an action to recover damages for personal injuries, had $1,000 invested in his business does not justify the trial judge in refusing to submit to the jury the plaintiff's alleged loss of earnings or income as an element of the damages and in excluding proof of the reasonable value of his services or what compensation similar services would command, if he is entitled to a verdict, because there was no evidence to show how much of his income had been derived from his invested capital and how much from his personal efforts; where it appears that his business involved the investment of capital merely as an incident or vehicle to the performance of services almost if not quite personal in their nature, and the amount of his income was about $3,000 annually; and such ruling constitutes reversible error.

*Kronold* v. *City of New York,* 96 App. Div. 636, reversed.

(Argued June 18, 1906; decided October 2, 1906.)

APPEAL, by permission, from a judgment entered upon an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 21, 1904, which affirmed an order of the court at a Trial Term denying plaintiff's motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Theodore Sutro, Boardman Wright* and *Ralph Barnett* for appellant. Plaintiff's earnings depended entirely on his personal services and individual ability, and did not proceed from an investment of capital; proof, therefore, of the amount of his earnings before and after the accident was competent and material, to lay the basis for an award for loss of earnings and of earning capacity. (*Pill* v. *B. H. R. Co.,* 6 Misc. Rep. 267; *Ehrgott* v. *Mayor, etc.,* 96 N. Y. 264; *Simonin* v. *N. Y., L. E. & W. R. R. Co.,* 36 Hun, 214; *Nash* v. *Sharpe,* 19 Hun, 365; *Lynch* v. *B. C. R. Co.,* 5 N. Y. Supp. 311; *Thomas* v. *U. R. Co.,* 18 App. Div. 185.) Assuming that plaintiff's earnings proceeded partly from an investment of capital, evidence of the reasonable value of his services or of the compensation paid to others engaged in

a like business, was competent. (*Matteson* v. *N. Y. C. R. R. Co.*, 35 N. Y. 487; *Wynne* v. *Atlantic Ave. R. R. Co.*, 14 Misc. Rep. 394; affd., 156 N. Y. 702.)

*John J. Delany, Corporation Counsel (Theodore Connoly and Terence Farley of counsel), for respondent.* The rule that lost past profits to a person, as to his business, conducted by a combination of his personal services or other labor and capital, by a partial or total suspension of such business, measuring such profits by some reasonable, definite standard, such as that of profits realized in the same business before it was so wrongfully interfered with, does not apply to consequential damages caused to a person engaged in such business by reason of his being wrongfully injured so as to be partially or totally disabled from attending to the same as usual, either as an independent element of damage, or as a basis of determining loss sustained by such person being injured in his earning power. (*Johnson* v. *M. Ry. Co.*, 52 Hun, 111; *Orsor* v. *M. C. T. R. Co.*, 78 Hun, 169, 170; *Blate* v. *T. A. R. R. Co.*, 29 App. Div. 388; *Read* v. *B. H. R. R. Co.*, 32 App. Div. 503; *Hewlett* v. *B. H. R. R. Co.*, 63 App. Div. 423; 1 Sedgwick on Dam. [8th ed.] § 181; 4 Sutherland on Dam. § 1246; Watson on Dam. for Pers. Injr. § 507; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 264; *Masterson* v. *Village of Mount Vernon*, 58 N. Y. 391.) Profits of a business enterprise combining capital and labor do not in any case constitute a legitimate basis for estimating the earning power of one personally contributing the element of labor, in case of his being wrongfully injured so as to be unable as usual to furnish such element. (*Jonas* v. *I. S. R. Co.*, 45 Misc. Rep. 579; 8 Am. & Eng. Ency. of Law [2d ed.] 625; 1 Sedgwick on Dam. [8th ed.] § 181; 4 Sutherland on Dam. § 1246.)

WERNER, J.  This action was brought to recover damages for personal injuries sustained by the plaintiff, and alleged to have been caused by the negligent failure of the defendant to keep in proper repair a crosswalk at the intersection of Elm and Walker streets in the borough of Manhattan. For

the purposes of this discussion we may assume, although we do not decide, that the defendant's alleged negligence and the plaintiff's freedom from contributory negligence were sufficiently established to present questions of fact to be disposed of by a jury, and we shall confine our discussion to the single question whether the learned trial judge properly refused to submit to the jury the plaintiff's alleged loss of earnings or income as an element of the damages which should be awarded to him if he is entitled to a verdict.

At the close of the evidence the learned trial judge announced that he would not submit to the jury the plaintiff's claim for loss of income, because it appeared from his own testimony that he had one thousand dollars of capital invested in his business, and there was no evidence to show how much of his income had been derived from his invested capital and how much from his personal efforts. When this ruling had been made, plaintiff's counsel asked permission to put the plaintiff on the stand for the purpose of interrogating him as to the reasonable value of his services, or what compensation similar services would command. This request was refused and plaintiff's counsel took an exception. The case was then submitted to the jury under a charge in which the income or earnings of the plaintiff from his personal efforts was distinctly excluded from consideration as an element of any damages which might be awarded to him. At the conclusion of the main charge plaintiff's counsel requested the court to instruct the jury that it was for them to consider " the nature of the business in which the plaintiff was engaged, its extent, and the particular part therein transacted by him," and the court replied : " I charge that with the statement that you are not to take into consideration his earnings as testified to by him, for the reason that he stated that he had capital invested." To this modification of his request the plaintiff's counsel excepted, and later he excepted generally to that portion of the charge in which the jury were instructed to disregard the testimony of the plaintiff as to his earnings in his business. These exceptions, when considered in the light of

the evidence, are sufficiently definite, we think, to present for our review the question whether the rulings of the court above adverted to present legal error or not, and a brief synopsis of the plaintiff's evidence on this subject will serve to fix the point of view from which that question should be considered.

Prior to the accident the plaintiff had been engaged in the business of selling Swiss embroideries. He took orders from shirt waist manufacturers, Vantine and others who dealt in such articles. These sales were made from designs or drawings procured from sample embroideries. No considerable stock of these embroideries seems to have been carried by the plaintiff, and the capital which he had invested in his business was approximately one thousand dollars. His office expenses, which included rent and the wages of an office boy, did not exceed six hundred dollars a year. His net income was about three thousand dollars a year, and it is fairly to be inferred from his testimony that this was derived chiefly from his personal efforts as a canvasser or salesman, for he stated : " I really made my living only with my legs and maybe a little head also, but most my legs ; of course, I have been laid down ; then I had to stop ; I did not employ any salesmen or drummers or anything like that ; I was myself a salesman and a drummer ; out of town sometimes." When we add to this brief but comprehensive statement the suggestion that the amount of the plaintiff's income as compared with the so-called capital invested is, of itself, an almost conclusive argument against the theory that the plaintiff was engaged in a business which yielded profits from capital invested, it will readily be seen that this case should be classed as one involving the investment of an insignificant capital as a mere incident or vehicle to the performance of services almost, if not quite, purely personal in their nature. We so regard the case on principle, but this view is also well sustained by authority. In *Pill* v. *Brooklyn Heights R. R. Co.* (6 Misc. Rep. 267 ; affd., 148 N. Y. 747), where the plaintiff was a custom corset maker who maintained a workshop and employed two girls to help

her, it was held competent to prove loss of earnings resulting
from the injuries on account of which the suit was brought.  In
*Ehrgott* v. *Mayor, etc., of New York* (96 N. Y. 264), also
an action to recover damages for personal injuries, the plain-
tiff was a book canvasser and was permitted to show his earn-
ings prior to his injuries.   There the court, speaking through
the late EARL, J., illustrated the plaintiff's position by liken-
ing it, so far as personal earnings were concerned, to the occu-
pations of the lawyer, the physician and the dentist, whose
earnings are the result of their professional skill without capi-
tal invested.   The lawyer has to have books, and if he is busy
enough, he employs clerks to assist him.   The physician puts
money into instruments, books and medicines.   The dentist
invests in gold leaf, artificial teeth and tools.   And yet their
incomes which, to some extent at least, are the product of
such investments and expenditures, are classified as personal
earnings, the loss of which must be considered as an element
of damages in actions for personal injuries.   To the same
effect are *Simonin* v. *N. Y., L. E. & W. R. R. Co.* (36
Hun, 214), where the plaintiff was a teacher of French ; *Nash*
v. *Sharpe* (19 Hun, 365), where the plaintiff was a dentist;
*Lynch* v. *Brooklyn City R. R. Co.* (5 N. Y. Supp. 311; affd.,
123 N. Y. 657), the case of a midwife; *Thomas* v. *Union Ry.
Co.* (18 App. Div. 185), where the plaintiff performed services
as gauger for a copartnership of which he was a member;
*Waldie* v. *Brooklyn Heights R. R. Co.* (78 App. Div. 557), the
case of a licensed pilot, and numerous other cases involving a
variety of occupations, in which the element of personal earn-
ings has been held to predominate over a small and purely
incidental or supplemental investment of capital.

   The cases above cited, as well as the case at bar, are clearly
distinguishable, we think, from *Masterton* v. *Village of Mt.
Vernon* (58 N. Y. 391); *Marks* v. *Long Island R. R. Co.*
(14 Daly, 61); *Boston & Albany R. R. Co.* v. *O'Reilly* (158
U. S. 334), and other cases relied upon by counsel for the
respondent and the courts below, because these latter decisions
are all based upon facts which disclose such a preponderance

of the business element over the personal equation, or such an admixture of the two, that the question of personal earnings could not be safely or properly segregated from returns upon capital invested, in considering the damages to which the several plaintiffs claimed to be entitled.

In the case at bar there was not only evidence which tended properly to show that the plaintiff had sustained damages through loss of personal services, but competent evidence bearing upon the same subject was excluded, and we think the refusal of the learned trial court to submit to the jury the former, as well as its ruling excluding the latter, constitutes legal error, which entitles the plaintiff to a new trial.

In this view of the case we deem it unnecessary to discuss other questions that may not be again presented.

The judgment below should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; O'BRIEN, J., absent.

Judgment reversed, etc.