PENNSYLVANIA R. CO. v. McCAFFREY et ux.

(Circuit Court of Appeals, Third Circuit. January 14, 1907.)

No. 27.

1. CARRIERS—INJURIES TO PASSENGERS—BURDEN OF PROOF.

In an action against a carrier for injuries to a passenger, the burden of proof of negligence is on the plaintiff, and cannot be shifted to the defendant without showing that the injury in question was caused by some person or thing connected with the carrier's railroad or business of transportation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1283–1294.]

2. SAME—EVIDENCE.

In an action for injuries to a passenger by a missile coming through an open car window, plaintiff's evidence was that the missile entered through an open window on the side next to a passing freight train, that it was a bolt with a nut on the end of it, and that such bolts were largely used in constructing ordinary freight cars, while, on the other hand, there was evidence that the missile was thrown through an open window on the opposite side of the car by one of several boys who were pelting the train as it went by them. Held, that the evidence as to whether the missile came from a source for which the carrier was responsible was insufficient to justify a verdict against it, and that a verdict should, therefore, have been directed in its favor.

In Error to Circuit Court of the United States for the District of New Jersey.

James B. Vredenburgh, for plaintiff in error.
Edwin F. Smith, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. In this opinion the parties to the cause will be referred to in accordance with their respective positions in the court below, where Mr. and Mrs. McCaffrey were the plaintiffs and the Pennsylvania Railroad Company was the defendant.

While the plaintiffs were passengers in one of the cars of a train

operated by the defendant, Mrs. McCaffrey was struck by something which entered the car from the outside, and the defendant was averred to be liable for the injury thus caused to her, because, as was alleged, it "carelessly, negligently and improperly allowed certain of its rolling stock to become so out of repair and unsafe, and so carelessly, negligently, and unskillfully operated, managed and controlled its said railroad and the appurtenances thereto, and in particular a certain other train of cars consisting of box or freight cars, drawn by a locomotive upon the track next northerly to the track whereon was the train of passenger cars in which the said plaintiff, Mary B. McCaffrey, was, that the said plaintiff, Mary B. McCaffrey, without any notice or warning to her given, and without any fault or negligence on her part, was struck upon the head by a bolt, bar, or other piece of iron or steel, coming loose and separated from one of said box or freight cars (the same being then and there unsafe and out of repair)." The plea was the general issue, and at the close of the trial the court, though requested, refused to direct a verdict for the defendant. This refusal, amongst other things, is here assigned for error.

It is unquestionably true, as in substance was averred, that the defendant owed to Mrs. McCaffrey the duty to see to it that, while she was a passenger upon its train, no harm would come to her through any negligence in the operation or management of its railroad or of the appurtenances thereto, including "the certain other train of cars" referred to in the above extract from the declaration. But, except as against its negligence or that of its servants, the defendant did not, by accepting Mrs. McCaffrey as a passenger, become an insurer of her safety. The gravamen of her complaint—the gist of her cause of action—was negligence. She necessarily alleged that her injury was caused by lack of due care, and evidence of negligence, or of some fact or circumstance justifying the assumption of its existence, was therefore indispensable. The burden of proof in all such cases rests at first upon the plaintiff, and, even in the case of a passenger, it cannot be shifted to the defendant, without showing that the injury in question was caused by some person or thing connected with its railroad or business of transportation. Hence it was that the plaintiffs in the present case endeavored to maintain their special allegation that the thing which struck Mrs. McCaffrey had come "loose and separated" from one of the cars of a passing train, and, if the evidence they adduced had been sufficient to warrant a finding that such was the fact, nothing more, at the outset, could have been required of them, for from such a finding, if made, a presumption of negligence would have arisen, which, unless and until rebutted, would have been conclusive. When, however, the learned judge was asked to direct a verdict for the defendant, the taking of testimony had been concluded, and the question then presented was whether, upon all the evidence, the plaintiffs' hypothesis as to the source of the offending missile could reasonably be adopted, and we think this question should have been negatively determined. There was no direct testimony as to where

it came from, nor was there any proof from which, in our opinion, its nature and origin could be legitimately inferred. The evidence on behalf of the plaintiffs was, in effect, that it entered through an open window on the side next to the passing freight train, that it was a bolt with a nut on the end of it, and that such bolts were largely used in constructing ordinary freight cars; whilst, on the other hand, there was evidence tending to show that the harm-inflicting thing, whatever it may have been, was thrown through an open window on the opposite side of the car, by some one of several boys, who, as was testified, were pelting the train as it went by them.

Upon this state of the proofs the defendant's request for binding instructions should not have been denied. Undoubtedly, it commonly is within the province of the jury to decide an issue as to negligence by drawing the reasonable inference from the primary facts. But reasonable inference is one thing, and mere guess or arbitrary surmise is another and very different thing, and though it may be that the evidence for the plaintiffs, if alone considered, would have warranted a suspicion that in some way or other the moving freight train was responsible for Mrs. McCaffrey's hurt, yet it is plain that, from the evidence as a whole, no more explicit deduction could have been properly made than that the missile which struck her came either from that train or from one of the boys that have been referred to. The jury, however, was allowed to conjecture that it came from the train, and upon that conjecture merely to base the further finding, also an inferential, though a legal, one, that the defendant had been guilty of negligence.

We think this should have been prevented by granting the defendant's request for a directed verdict, and therefore the judgment of the Circuit Court is reversed.