WINANT W. WEIR, Respondent, *v.* UNION RAILWAY COMPANY
OF NEW YORK CITY, Appellant.

1. DAMAGES — ELEMENTS OF DAMAGES IN ACTIONS FOR PERSONAL
INJURIES — WHEN LOSS OF INCOME MAY BE SHOWN AND CONSIDERED —
MERE PROFITS OF BUSINESS CANNOT BE CONSIDERED.  Where a person
by reason of personal injuries has been prevented from performing the
work or services in which he was engaged at the time of the injury, the
loss of time occasioned thereby and also any loss or diminution of future
earning power are elements of damage to be considered by a jury.  A
loss of income can be shown and considered when such income is derived
from personal effort or particular skill and ability as distinguished from
the profits of a business in which capital is invested and which is depend-
ent upon the continuance of the business as well as the capital, but mere
profits of a business as such cannot be considered in measuring the dam-
ages arising from such loss of time or diminution of earning power.
2. SAME — ERRONEOUS ADMISSION OF EVIDENCE TENDING TO SHOW
LOSS OF PROFITS CAUSED BY PERSONAL INJURY TO OWNER OF BUSINESS.
Where the plaintiff, in an action to recover damages for personal injuries,
was engaged at the time of the injury in conducting a small restaurant,
or lunch business, at which oysters and clams, opened as they were,
ordered, were the principal articles of food sold, and there is no evidence
showing that any particular skill or ability was required in the manage-
ment of the business or that the plaintiff had any particular skill or ability
in opening oysters and clams or in serving food to others, it is reversible
error to permit the plaintiff to testify as to the profits of the business
before his injury; the evidence should have been confined to the value of
the plaintiff's individual services during the time that he was unable, by
reason of his personal injuries, to perform the same.

*Weir* v. *Union Ry. Co.*, 118 App. Div. ——, reversed.

(Argued April 30, 1907; decided May 10, 1907.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered March
26, 1907, affirming a judgment in favor of plaintiff entered
upon a verdict.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Charles F. Brown, Henry A. Robinson, Bayard H. Ames*
and *Anthony J. Ernest* for appellant.   The trial justice erred

in his ruling upon evidence and in his instructions to the jury. (*Kronold* v. *City of New York*, 186 N. Y. 40 ; *Masterton* v. *Vil. of Mt. Vernon*, 58 N. Y. 391 ; *Marks* v. *L. I. R. R. Co.*, 14 Daly, 61 ; *B. & A. R. R. Co.* v. *O'Reilly*, 158 U. S. 334 ; *Blate* v. *T. A. R. R. Co.*, 29 App. Div. 388 ; *Hewlett* v. *B. H. R. R. Co.*, 63 App. Div. 422 ; *Read* v. *B. H. R. R. Co.*, 32 App. Div. 503 ; *Johnson* v. *M. Ry. Co.*, 52 Hun, 111 ; *Jonas* v. *I. St. Ry. Co.*, 90 N. Y. Supp. 1070.)

*J. Stewart Ross* for respondent. The objections were properly overruled, and the testimony objected to properly received. (*Kronold* v. *City of New York*, 186 N. Y. 43 ; *Thomas* v. *U. Ry. Co.*, 18 App. Div. 185 ; *Pill* v. *B. H. R. R. Co.*, 6 Misc. Rep. 267 ; 148 N. Y. 747 ; *Ehrgott* v. *Mayor*, etc., 96 N. Y. 264 ; *Lynch* v. *B. C. R. Co.*, 5 N. Y. Supp. 311 ; *Waldie* v. *B. H. R. R. Co.*, 78 App. Div. 557 ; *Nash* v. *Sharpe*, 19 Hun, 365.)

CHASE, J. The plaintiff recovered judgment in this action against the defendant for personal injuries resulting from the fall of a fare indicator or register in one of defendant's street cars on which the plaintiff was a passenger. An appeal was taken from said judgment to the Appellate Division of the Supreme Court, where it was unanimously affirmed. The appeal is taken to this court pursuant to an order of the said Appellate Division allowing the same, and in which order it is certified that, in the opinion of the court, a question of law is involved which ought to be reviewed by this court.

The only question of law involved arises upon rulings of the trial court upon objections to questions involving the profits of the business conducted by the plaintiff.

The plaintiff, who is usually employed as a boatman, had for six or seven months prior to the accident rented a room which immediately adjoined the street along the side of a liquor store. In the room, the dimensions of which were five by sixteen feet, he conducted a lunch business and sold oysters, clams, crabs, lobsters, beef stew and fish. There were sittings

in the room for six or eight people and the food was eaten by purchasers at the plaintiff's place of business. During some portion of the time that he was conducting such business he employed therein two or three men and at the time of the accident he was employing one man. Oysters and clams were opened as ordered, and they were the principal articles of food sold, and the plaintiff purchased them by the barrel. The supplies purchased by the plaintiff varied in price and the amounts sold varied to such an extent that the number of persons employed had to be changed from time to time. It does not appear that it required any particular skill or ability to do the work of managing the business that the plaintiff was conducting, or that the plaintiff had any particular skill or ability in opening oysters or clams or in serving food to others.

The trial court allowed the plaintiff to testify that he was doing a business of about $120 and sometimes $140 a week, and that his expenses each week for help were $10 or $12, and for stock $40, and that his rent was $10 a month, and that the remainder of the proceeds of his business was profit. This testimony was given subject to objections on the part of the defendant that it was incompetent, immaterial and irrelevant and as calling for special damages not pleaded by the plaintiff, and that it related to a business in which the plaintiff had capital invested. The objections of the defendant were overruled, and the defendant excepted to the ruling of the court.

Where a person by reason of personal injuries has been prevented from performing the work or services in which he was engaged at the time of the injury, the loss of time occasioned thereby and also any loss or diminution of future earning power are elements of damage to be considered by a jury. A loss of income can be shown and considered when such income is derived from personal effort or particular skill and ability as distinguished from the profits of a business in which capital is invested and which is dependent upon the continuance of the business as well as the capital, but mere profits of a business as such cannot be considered in measuring the dam-

ages arising from such loss of time or diminution of earning power. In this case the business did not require a large capital or many employees, but the questions expressly called for the profits of a business and not for the value of plaintiff's personal services in connection therewith. This is apparent from all the testimony in the case, and it is particularly shown from the fact that it had been the practice of the plaintiff to leave the business with his employees when he was absent, and from the further fact that the business was continued for several weeks after the accident, although the plaintiff was not personally present. At the time when the plaintiff, as he says, wound up the business he had sufficiently recovered, so that he went to the office of his physician frequently for treatment, and it does not appear that the plaintiff could not have continued the business by the employment of help until he had fully recovered, or until he could have attended at the place of business to supervise the same. The testimony should have been confined to the value of the plaintiff's individual services during the time that he was unable, by reason of his personal injuries, to perform the same.

In *Masterton* v. *Village of Mt. Vernon* (58 N. Y. 391, 396) the court, referring to cases therein mentioned, say : " In none of these cases is any intimation given that proof may be given as to the uncertain future profits of commercial business, or that the amount of past profits derived therefrom may be shown, to enable the jury to conjecture what the future might probably be. These profits depend upon too many contingencies, and are altogether too uncertain to furnish any safe guide in fixing the amount of damages." In referring to the case of *Walker* v. *Erie R. Co.* (63 Barb. 260), in which it was held that proof of the amount of the income derived by the plaintiff in that action in the practice of his profession as a lawyer was competent, the court say : " This goes beyond the rule adopted in any of the other cases, and it certainly ought not to be further extended." The court further say : " The profits of importing and selling teas are still more uncertain. In some years they may be large,

and in others attended with loss. The plaintiff had the right to prove the business in which he was engaged, its extent and the particular part transacted by him, and, if he could, the compensation usually paid to persons doing such business for others. These are circumstances the jury have a right to consider in fixing the value of his time."

In this case the profits of the business were subject to many uncertainties and contingencies, among which were his ability to continue the business in the place and as theretofore conducted, the amount of competition that he might at any time encounter and the variation in the price of supplies to be purchased. The respondent refers to the recent case of *Kronold* v. *City of New York* (186 N. Y. 40) as sustaining his contention. In that case, although the plaintiff maintained an office and had invested about $1,000 of capital, nevertheless his income was derived from the sale of Swiss embroideries The embroideries were sold from designs or drawings shown from sample embroideries and the orders were procured by the plaintiff as a canvasser and by his personal solicitation. In that case, after reviewing the authorities, it was held in substance that where the facts disclose such a preponderance of the business element over the personal equation, or such an admixture of the two that the question of personal earnings could not be safely or properly segregated from returns upon capital invested, the income or profits from a business should not be considered in determining the amount of the damages to which the plaintiff is entitled.

The question of personal earnings is too much involved in this case with the ordinary chances of a business venture to allow the profit on the plaintiff's business to be considered in determining what damages the defendant should pay to the plaintiff.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, O'BRIEN, VANN, WERNER and WILLARD BARTLETT, JJ., concur.

Judgment reversed, etc.