## HASS v. JOLINE et al.

(Supreme Court, Appellate Term. November 11, 1910.)

TRIAL (§ 252*)—INSTRUCTION—SUPPORT IN EVIDENCE.

In an action for injuries, the instruction that such damages should be awarded as were suffered by plaintiff by reason of his absence from business because of the injury was erroneous, in the absence of any evidence that such absence from business occasioned him any loss.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 603; Dec. Dig. § 252.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action for injury by David Hass against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. Judgment for plaintiff, and defendants appeal. Reversed, and new trial granted.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Masten & Nichols (Henry J. Smith, of counsel), for appellants. Harold L. Kunstler (Louis H. Schleider, of counsel), for respondent.

PAGE, J. This action was brought for personal injuries alleged to have occurred through the negligence of the defendants' servants while plaintiff was boarding one of their cars. The court charged the jury in part:

"The damages which you will give him will be such an amount as will compensate him for * * * the money which he lost by reason of the fact that he was absent from his business for a certain length of time; that is, the time he was incapacitated."

Defendants' counsel duly excepted to this portion of the charge. The plaintiff was engaged with a partner in the saloon business. There is not the slightest evidence that his personal services were at all

---

·*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

necessary, or that loss would necessarily result from his absence. The learned trial judge's direction to the jury was erroneous. Kronold v. City of N. Y., 186 N. Y. 40, 78 N. E. 572; Weir v. Union Ry. Co., 188 N. Y. 416, 81 N. E. 168; Gombert v. N. Y. C. & H. R. R. Co., 195 N. Y. 273, 88 N. E. 382, 133 Am. St. Rep. 794. Any verdict rendered must have been entirely speculative, and have embraced an improper element of damage.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.