DELANO et al. v. PEIRCE.

(Circuit Court of Appeals, Eighth Circuit. August 4, 1915. Rehearing Denied October 11, 1915.)

No. 4197.

1. CARRIERS ⬦⟿320—CARRIAGE OF PASSENGERS—ACTIONS—EVIDENCE.

In an action for injuries received by a passenger, evidence *held* sufficient to go to the jury, raising an inference that the train was negligently operated, so as to lurch and sway from side to side, causing it to collide with some object on the right of way.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. ⬦⟿320; Negligence, Cent. Dig. § 301.]

2. DAMAGES ⬦⟿172—ACTIONS—EVIDENCE.

In a personal injury action, it was not error to permit plaintiff to testify that his services were worth $2,000 as a farmer and a ranchman.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 490–492, 501; Dec. Dig. ⬦⟿172.]

3. APPEAL AND ERROR ⬦⟿206—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—OBJECTION.

In a personal injury action, where counsel did not at the time object to the form of a question on the ground that it permitted plaintiff to combine income received from his farm operations with his personal services, the matter cannot be raised on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1273, 1283–1289; Dec. Dig. ⬦⟿206.]

4. WITNESSES ⬦⟿330—EXAMINATION—CROSS-EXAMINATION.

In an action by an injured passenger, where the engineer testified that the track was about perfect, so trains could run 80 or 90 miles an hour with safety, he may be cross-examined as to numerous derailments in that vicinity, to test his testimony concerning the roadbed.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1106–1108; Dec. Dig. ⬦⟿330.]

In Error to the District Court of the United States for the District of Nebraska; Page Morris, Judge.

Action by Albert Peirce against Frederic A. Delano and others, as receivers of the Wabash Railroad Company. There was a judgment for plaintiff, and defendants bring error. Affirmed.

John Lee Webster, of Omaha, Neb. (James L. Minnis, of St. Louis, Mo., on the brief), for plaintiffs in error.

M. F. Harrington, of O'Neill, Neb. (Dunham & Aye, of Omaha, Neb., on the brief), for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

---

⬦⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

AMIDON, District Judge. This is a suit for personal injuries. Plaintiff below, Peirce, was a passenger on the Wabash Railroad in charge of the defendants as receivers, traveling from Centralia to Moberly, Mo. He was riding on a limited passenger train, which was running at about 50 miles an hour. There was evidence that it swayed badly, owing to the condition of the track. It passed through the town of Rennick without stopping. At or about that point the window opposite which the plaintiff was sitting was crushed in. Two other windows on the same side of the car were destroyed, and the frame of one of them broken. Plaintiff's evidence tended to show that the entire windows were knocked out. After the accident the car was searched, and no missiles were found in it which could have caused the injury. There was evidence tending to show that at the time of the accident the train was passing a freight train on the siding at Rennick. Plaintiff himself probably jumped into the aisle as the result of the shock, and received injuries which rendered him unconscious. The plaintiff recovered judgment, and defendants bring error.

[1] The complaint charges that the train was negligently operated, so as to cause the car suddenly to lurch and sway violently from side to side, and that through the carelessness of the defendants the train collided with some object on defendants' right of way and under their control.

At the close of the evidence defendants moved for a directed verdict, upon the ground that there was no substantial evidence tending to show that the accident was caused through any fault of theirs; that whether the accident was caused by a missile hurled by some miscreant, or was caused by some object adjacent to the track upon which the train was running was a mere matter of conjecture. In support of this motion counsel cites a list of cases, of which Pennsylvania Railroad Co. v. McGaffrey, 149 Fed. 404, 79 C. C. A. 224, Thomas v. Pennsylvania & Reading R. R. Co., 148 Pa. 180, 23 Atl. 989, 15 L. R. A. 416, and Deagle v. N. Y. & New Haven R. R. Co., 217 Mass. 23, 104 N. E. 493, are examples. There, however, the evidence showed that a missile was thrown into the car through a window. Such evidence points to the act of a miscreant rather than the negligence of the company. Here no missile was found, and the injury to the car justified the inference that the accident was caused by some object on the right of way, or more probably by projecting scrap iron with which some of the cars of the freight train were loaded. To call such an inference a mere guess is only to apply a term of vituperation to an inference which counsel does not wish to have made.

[2, 3] Plaintiff was permitted to testify as to the value of his services. He stated they were worth $2,000 a year. He was a farmer and ranchman. After plaintiff had rested his case, defendants moved to strike this evidence out. He now insists that the question permitted the witness to combine income derived from his farming operations with his personal services. We do not think the question was open to that objection, and, if it was, counsel should have called specific attention to that feature at the time, so that the question might have

been framed in such a way as to confine the answer more clearly to the value of personal services.

[4] The engineer in charge of the passenger train had testified that the roadbed of the Wabash, between Centralia and Moberly, was about perfect, so that trains could run 80 or 90 miles an hour with safety. On cross-examination he was asked, over defendants' objection, about numerous derailments that had occurred on the line. We think this was a proper test of his testimony about the roadbed. Some of the questions were objectionable as to their form, but we do not think that defect is of sufficient importance to justify disturbing the verdict.

The judgment is affirmed.