## ROSENTHAL v. HARKER.

No. 3441.    Decided April 14, 1920.    (189 Pac. 666.)

1.  TRIAL—INSTRUCTION IN AUTOMOBILE ACCIDENT CASE PROPERLY RE-
    FUSED AS COVERED BY THOSE GIVEN.  In an action for injury sus-
    tained by plaintiff, while driving a wagon, by being struck by
    defendant's automobile in a public street, it was not error to
    refuse to instruct that, if plaintiff's horse shied, or if plaintiff
    jerked its reins or caused his vehicle to swerve so as to come
    into contact with defendant's automobile, which was attempting
    to pass the wagon, a verdict for defendant should be returned,
    where such defense was submitted in other instructions given.

2.  DAMAGES—MEASURE OF DAMAGES FOR INJURIES STATED; AMOUNT
    A QUESTION FOR JURY.  In an action for damages through being
    struck by defendant's automobile on a public street, the injured
    party is entitled to recover fair and adequate compensation,
    and, in the absence of allegations for specific damages, he
    may recover all the damages which are the necessary and usual
    result of the injuries described in the complaint; the amount
    to be awarded being for the jury under proper instructions.

3.  DAMAGES—LOSS OF EARNINGS RECOVERABLE FOR INJURIES TO JUNK
    DEALER.  Where a junk dealer, while driving along a public
    street, was struck by defendant's automobile and injured, it
    was proper to allow him to testify as to his loss of earnings as
    a basis for damages, he having no appreciable capital invested
    in the business, and the profits therefrom depending entirely on
    his personal labor.

Appeal from District Court, Third District, Salt Lake
County; Wm. H. Bramel, Judge.

Action by David Rosenthal against Henry Harker.  Judg-

ment for plaintiff, a new trial was denied, and defendant appeals.

AFFIRMED.

*Bagley, Fabian, Clendenin & Judd,* of Salt Lake City, for appellant.

*Rogers & Haas,* of Salt Lake City, for respondent.

CORFMAN, C. J.

Plaintiff commenced this action in the district court for Salt Lake county to recover damages alleged to have been occasioned to him by reason of the defendant's careless and negligent operation of an automobile upon State street, Salt Lake City. The negligence charged in the complaint against the defendant is as follows: Driving the automobile at a greater speed than was reasonable and safe—thirty-five miles per hour; not having the automobile under immediate control; and failing to give any warning upon approaching and attempting to pass the plaintiff.

The answer denied all carelessness and negligence on the part of defendant, and affirmatively alleged that contributory negligence and carelessness on the part of plaintiff was the proximate cause of the injuries complained of.

Trial was to a jury. A verdict was rendered in plaintiff's favor against the defendant in the sum of $3,000, for which judgment was entered accordingly. Motion for new trial was made and denied. Defendant appeals. The errors assigned go to the rulings of the trial court in refusing to give defendant's requested instructions, the giving of certain other instructions, and the admission of certain testimony over the objection of defendant's counsel.

The testimony, in brief, shows: State street is one of the principal public thoroughfares leading southward out of Salt Lake City. It is traversed at the center by two lines of street railway tracks. On the westerly side a concrete pavement sixteen feet wide is laid for vehicle travel. There is a dirt

space two feet wide between the west rail of the street railway tracks and the concrete pavement. West of the pavement for twenty-two feet to an open ditch two feet wide there is a dirt space in which, near the center, a line of telephone poles is planted, and also mail boxes placed on posts for the accommodation of residents having homes bordering on the street. Beyond the open ditch to the west property line there is a space of eighteen feet near the center of which a cement sidewalk is laid. April 17, 1918, the plaintiff was driving a horse attached to a wagon southward on the west side of said street, and the defendant was also driving his automobile south at the rear of plaintiff. At a point a few hundred yards north of the intersection of what is known as old Fourteenth South street with said State street the defendant attemped to pass the plaintiff, and in doing so the two vehicles collided. The plaintiff was thrown from his wagon on to the automobile, and from thence to the ground, causing the injuries complained of by him.

The plaintiff's theory of the accident was that the defendant in attempting to pass the plaintiff did so without warning, and so negligently operated his automobile as to cause it to strike the plaintiff's wagon while it was being driven upon the west side of the pavement where plaintiff had the right to be.

The theory of the defendant was that the plaintiff was driving his horse and wagon listlessly and heedlessly, and that he permitted the horse to suddenly start, thus causing it to move the wagon to the left and strike the automobile in such a manner as to interlock the wheels of the two vehicles. There is testimony in the record tending to support the theories of both parties. Further reference will be made to the testimony in the consideration of defendant's assignments of error.

The first error assigned is the failure of the trial judge to charge the jury in accordance with the following request:

"If you find from the evidence that the plaintiff, while proceeding in a southerly direction at the time and place in question, was inattentive as to the direction and manner in which he was proceeding, and if you find from the evidence that at the moment defendant

attempted to pass plaintiff in his automobile plaintiff's horse shied to the east, or if plaintiff jerked the reins or caused his vehicle to veer to the east so as to come in contact with defendant's automobile proximately causing the injuries complained of, then you are instructed to return a verdict for the defendant no cause of action."

The request was in accord with the theory of the defendant's defense that the plaintiff's own carelessness and negligence contributed to and was the proximate cause of the injuries of which plaintiff complained. As hereinbefore remarked, there was testimony in the record to support defendant's theory. The defendant had the right to have his theory submitted to the jury by an appropriate instruction. Upon this question the authorities all agree. However, we do not think the trial court failed to charge in the particulars complained of by defendant. True, the court did not charge the jury in the precise language of defendant's request, but did charge as fully, and, we think, in effect the same, by the following:

"If you find from the evidence that defendant was guilty of any of the acts of negligence charged in the complaint which proximately contributed to the accident, and if you also find that the plaintiff was negligent in driving or handling his horse or in causing or permitting it to suddenly swerve or turn in dangerous proximity to defendant's automobile, and if you find that the negligence of both was active and concurring up to the very time of the accident, and that the accident was the result of the combined and concurring negligence of both, then the court instructs you that the plaintiff is not entitled to recover in this action and your verdict must be for the defendant no cause of action.

"In case you find that one operative and direct cause in bringing about the accident was the shying of the horse at the instant of or immediately before the collision, that fact alone could not render plaintiff guilty of contributory negligence. But if in addition to the above you find that such shying was caused or permitted through any negligence on the part of plaintiff, or that it resulted from any act of plaintiff in turning said horse or in permitting said horse to turn into a place or position wherein plaintiff knew or by the exercise of ordinary care and foresight could have known that a passing automobile might make said horse shy, then you should find him guilty of contributory negligence."

The defendant also complains of the trial court's charge to the jury as to the elements to be taken into consideration by

them in arriving at the amount of damages to be awarded the plaintiff in case they should find the issues in plaintiff's favor.

In that regard the court told the jury that they might take into consideration "the earnings or profits, if any," that the plaintiff had lost by reason of the injuries he had received in the accident.

This assignment may be considered in connection with the assignments complained of by reason of the court's permitting evidence to be received, over defendant's objection, as to what plaintiff had been earning in his business—that of a junk dealer.

Bearing on this question, the plaintiff, in his own behalf, testified, over defendant's objection, that he had been engaged in the business of a junk dealer, buying and selling hides, for about eighteen or twenty months immediately prior to the accident; that from November to April, when the accident occurred, his income had averaged about $200 a month, out of which he had earned or realized profits of about fifty or sixty dollars a month.

In support of the contention of the defendant that the admission of this testimony was error, counsel has cited us to, and quoted extensively from, the following cases: *Bierbach* v. *Goodyear Rubber Co.*, 54 Wis. 208, 11 N. W. 514, 41 Am. Rep. 19 (in which are reviewed *Masterton* v. *Mt. Vernon*, 58 N. Y. 391, and *Wade* v. *Leroy*, 20 How. 34, 15 L. Ed. 813) ; *Jonas* v. *Interurban Street Railway Co.*, 45 Misc. Rep. 579, 90 N. Y. Supp. 1070; *Silsby* v. *Michigan Car Co.*, 95 Mich. 204, 54 N. W. 761; *Homan* v. *Franklin County*, 90 Iowa 185, 57 N. W. 703; *Weir* v. *Union Ry.*, 188 N. Y. 416, 81 N. E. 168, 11 Ann. Cas. 43.

In cases of tort, like the one at bar, it is one of the fundamental principles of the law that the injured party is entitled to recover fair and adequate compensation, "and in the absence of allegations for special damages he is entitled to recover all the damages which are the necessary and usual result of the injuries described in the complaint." The amount to be awarded in a particular case is

a question to be determined by the jury according to the particular facts and circumstances, under appropriate instructions given by the court.

As we view the testimony given in the present case before us for consideration, in the light of the pleadings and the instructions given by the court, the trial proceeded on the theory that the plaintiff was entitled to recover, if at all, the earnings or fruits of his labor which the alleged wrongs of the defendant had deprived him of, as contradistinguished from profits on capital invested in the business in which plaintiff was engaged; in other words the plaintiff was in this connection asking to recover for impairment of his earning power rather than for losses sustained on capital invested in his business. There was no attempt made to prove profits realized from capital invested. In fact, the testimony tends to show that the plaintiff had no appreciable amount of capital invested in the business conducted by him. Therefore the profits proven, and of which defendant complains partook almost wholly of the nature of earnings realized by reason of the personal efforts and labor of the plaintiff. The authorities cited by counsel for defendant hold and adhere to the well-established doctrine and the general rule that profits of a business should not be regarded as an element of damages in this class of cases. Without pausing to discuss or distinguish them from the case we have under consideration, we remark that ordinarily the rule announced by the cases cited and relied on is the proper one to be followed. However, under the facts and circumstances of the present case, for the reasons heretofore stated, we think the admission of the testimony and the instructions of the court complained of by defendant was proper and right. There was no appreciable capital or investment in the business, and the profits or earnings therefrom depended entirely on the labor and ·personal efforts of plaintiff. *Kronold* v. *City of New York,* 186 N. Y. 40, 78 N. E. 572; *Gombert* v. *New York, etc., Co.,* 195 N. Y. 273, 88 N. E. 382, 133 Am. St. Rep. 794; *Weir* v. *Union Ry. Co.,* 188 N. Y. 416, 81 N. E. 168, 11 Ann. Cas. 43; *Chicago*

*Union Traction Co.* v. *Brethauer*, 223 Ill. 521, 79 N. E. 287, 114 Am. St. Rep. 352; *Delano* v. *Pierce*, 225 Fed. 976, 141 C. C. A. 98; *Terre Haute* v. *Hudnut*, 112 Ind. 542, 13 N. E. 686; 8 R. C. L. section 37, pp. 473, 474.

Other assignments of error, as to the court's refusal to charge the jury as requested by defendant, the giving of instructions complained of, and the rulings of the trial court upon the admission and rejection of testimony, have been carefully considered.

We find no prejudicial error in the record. It is therefore ordered that the judgment of the district court be affirmed, with costs.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.