(72 App. Div. 1.)

### TERHUNE v. JOSEPH W. CODY CONTRACTING CO.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. ACTION FOR DEATH—EVIDENCE.
    Evidence of the wages which plaintiff earns is not admissible in an action for death of his child.
2. SAME—DAMAGES.
    Verdict of $600 for death of a child under six years of age cannot be set aside as inadequate.

Appeal from trial term, New York county.

Action by George Terhune, administrator of Mary Terhune, deceased, against the Joseph W. Cody Contracting Company. From order setting aside the verdict and granting a new trial, defendant appeals.    Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Thomas H. Rothwell, for appellant.
Henry W. Hardon, for respondent.

INGRAHAM, J.    The action was brought to recover the damages caused by the death of one Mary Terhune.    The deceased at the time of her death was under six years of age, and left, her surviving, her father, her next of kin.    The funeral expenses were proved to be $59.50.    The jury found a verdict for the plaintiff for $600, and the counsel for the plaintiff moved, upon the judge's minutes, to set aside the verdict upon the ground that the damages were inadequate, and upon the other grounds stated in section 999 of the Code of Civil Procedure, which motion the court granted; and from the order granting the motion the defendant appeals.

Upon the trial the plaintiff testified that he was employed by the New York Central Railroad Company as watchman on one of its piers.    The witness was then asked what his wages were, which was objected to by the defendant as incompetent, irrelevant, and immaterial.    This objection was sustained, and the plaintiff excepted, and this is the only exception upon the record.

The general rule as to the evidence in an action of this character upon which the jury are to ascertain the pecuniary injury caused to

the next of kin by the death of the decedent is that such evidence is to be limited to "the age and sex, the general health and intelligence, of the person killed, the situation and condition of the survivors, and their relation to the deceased." Houghkirk v. President, etc., 92 N. Y. 225, 44 Am. Rep. 370. The damages to be awarded are confined by the Code to a "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action is brought." Section 1904, Code Civ. Proc. In this case it was proved that the next of kin was a watchman employed by the New York Central Railroad Company upon one of its piers. Just what wages he received for his services at the time of his child's death would seem to be entirely immaterial. The child was of no pecuniary advantage to the father at the time of her death. She was not earning anything, and her age precluded her from being any pecuniary advantage to him. The fact that he was a watchman would seem to be the only material fact as to his employment. In McIntyre v. Railroad Co., 37 N. Y. 287, it was held that evidence as to the earning capacity of the deceased was competent, as an inquiry of importance in forming an estimate of the pecuniary loss sustained by the next of kin by the occasion of the death of the deceased. Proof of his general situation in life was competent. It would have been competent to prove that he had no accumulation, and was a man who depended entirely upon his daily labor to support himself and his family, but the exact amount of wages that he earned at the time had certainly no bearing upon that question. No case is cited in which this evidence has been allowed, or in which it was held error to exclude it, and I do not think its exclusion justified the court below in setting aside the verdict.

The remaining question is whether the court was justified in setting aside the verdict on the ground that the damages were inadequate. The cause of action of the personal representative of a person whose death has been caused by the negligence of another is one given by statute, and not one that survives to an executor or administrator after the death of the person killed. The rule of damage in such a case is regulated by the statute which creates the cause of action, and is limited to such a sum as the jury deem to be a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action is brought. Section 1904 of the Code. In speaking of this statute, Judge Finch, in Houghkirk v. President, etc., supra, says:

"Recognizing the generally prospective and indefinite character of those damages, and the impossibility of a basis for accurate estimate, it [the statute] allows a jury to give what they shall deem a just compensation. * * * The damages to the next of kin in that respect are necessarily indefinite, prospective, and contingent. They cannot be proved with even an approach to accuracy, and yet they are to be estimated and awarded, for the statute has so commanded. But even in such case there is, and there must be, some basis in the proof for the estimate; and that was given here, and always has been given. Human lives are not all of the same value to the survivors."

There was recognized the impossibility of the court's fixing the amount, and that the statute has left it to the jury to say, considering

the probabilities, as to what the pecuniary loss to the next of kin is in each case. Here the jury, with the knowledge of the situation, has made its estimate of the pecuniary loss to the next of kin. · There is nothing to show that they were controlled or influenced by any consideration except the performance of their duty, and there is nothing for which the court could say that their award was too large or too small. We have a child less than six years of age at the time of her death. It would be a number of years before she could contribute to the support of her family, and during those years the burden of her support would have been upon her father. Whether her continued life would have been a pecuniary advantage to her father, over and above the outlay necessary for her support, was most problematical, and it could not with any certainty be said that her death caused a pecuniary loss to her father. The statute contemplates that there may be such a loss to the decedent's next of kin. When the jury can see that such a loss has been sustained, they are required to fix the amount thereof. In all these cases there. is a broad distinction between an action to recover for the death of the wage earner of the family,—the one upon whom is the burden of the support and maintenance of the wife and children,—and one to recover for the death of a young child, who for many years must be a pecuniary burden, before it can contribute to the support of the family. We are not now engaged in ascertaining the value of human life, nor in punishing a person whose negligence has caused the death of a human being. We are bound by the express provision of this statute, which limits a recovery to the pecuniary loss caused to the next of kin by the decedent's death; and, while we cannot say that the death of a particular human being has caused his next of kin no pecuniary loss, we are equally unable to say, in the case of the killing of a young child under six years of age, that the death of the child has caused pecuniary loss to the child's parents. In such a case the question, under proper instructions, must be left to a jury; and their verdict, in the absence of any evidence to justify an inference that it was rendered under a misconception of the question submitted to them, or influenced by prejudice or sympathy, or other influences than that of a desire to fairly estimate the loss sustained, should not be interfered with. It is not disputed but that the verdict itself may be of such a character as would justify an inference of this kind, but in the case before us such an inference could not be drawn; and, upon the record as it comes before us, we think the action of the trial judge in setting aside this verdict was not justified.

It follows that the order appealed from must be reversed, and the motion to set aside the verdict denied, but, under the circumstances, without costs.

VAN BRUNT, P. J., and LAUGHLIN, J., concur. PATTERSON and HATCH, JJ., concur in result.