ALICE P. WILKINSON, as Administratrix, etc., of ORRIN DAY WILKINSON, Deceased, Respondent, *v.* RALPH BOEHM and Others, Appellants.

Third Department, January 14, 1931.

*Douglas S. Rider,* for the appellants Harry Haas and Ralph Boehm.

*Ainsworth, Sullivan & Archibald* [*Charles B. Sullivan* of counsel], for the appellant William Haas.

*Lester Robert Smith,* for the respondent.

PER CURIAM. The jury has found that the defendants are liable for the injuries which resulted in the death of the deceased. We do not feel justified in interfering with this finding.

In the interests of justice, however, we feel that a new trial should be granted because the amount of damages awarded is not justified by the evidence. The damages are to be " a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought." (Dec. Est. Law, § 132, as added by Laws of 1920, chap. 919.) In this case it appears that the deceased was twenty-three years of age, was earning seventy-four dollars a month in regular employment and at the same time was receiving wages in the sum of two dollars and fifty cents a day from his father. Other than that there is little, if any, evidence on which to estimate the amount of financial injury sustained by the wife. While the wife was present at the trial, she was not a witness. It does not appear what, if anything, had been contributed by her husband for her support, nor that she had been living with him, nor does her age appear. The jury is called upon to estimate the damages and to that end is entitled to know the amount the deceased earned, his habits, the relations existing between the wife and him and the position he has taken in respect to his obligations to support her. (*Hinsdale* v. *N. Y., N. H. & H. R. R. Co.,* 81 App. Div. 617, 621.) They are also entitled to know the age of the wife, from which to learn her expectancy. This is an important element in the proof, because the wife is entitled only to the actual pecuniary damages sustained by her from the time of her husband's death to the time of her death. (*Sider* v. *General Electric Co.,* 238 N. Y. 64.) The amount a wife has customarily received from her deceased husband has a bearing upon what constitutes fair and just compensation. (*Spreen* v. *Erie R. R. Co.,* 219 N. Y. 533; *DeLuna* v. *Union Railway Co.,* 130 App. Div. 386; *Oddo* v. *Paterson Bridge Co.,* 219 id. 518.) The jury are entitled to know the relations between the husband and wife and their habits of life. Circumstances might exist under which he would not be required to support her. (*Orendorf* v. *N. Y. C. & H. R. R. R. Co.,* 119 App. Div. 638.) The jury is expected to be guided by its own good sense in estimating damages (*Birkett* v. *Knickerbocker Ice Co.,* 110 N. Y. 504); but

at best its judgment as to damages must in this class of cases be an estimate and all the evidence that can be furnished should be furnished. No reason in this case is disclosed why the wife was not a witness; if there be such reason the necessary proof may of course be made by other witnesses. We do not feel justified in estimating the amount to which the verdict should be reduced.

The judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

All concur.

Judgment and order reversed on the facts and new trial granted, with costs to the appellants to abide the event.