In the Matter of the Estate of MARGARET MANGAN, Deceased.

Surrogate's Court, Kings County, March 8, 1937.

*Rao & Liggio*, for William Mangan and James Mangan, individually and as administrator accountant, adult distributees.

*Robert J. Farrington*, special guardian for Thomas Mangan, infant distributee.

*Marie Cathcart*, defendant, in person.

WINGATE, S. In this application to approve of the compromise of a death action by an administrator, there are three persons interested as distributees, two of whom are adults and one an infant. The former approve of the acceptance of the offer, the special guardian of the latter objects.

As a matter of first impression, the tendered sum, which is $1,000, appears inadequate. According to the statements of the record, the decedent met her death as a result of being struck by the defendant's automobile, which was being operated in a negligent and reckless manner. Her funeral expenses amounted to $329, and her hospital bills totaled $73.50. The administrator has made an agreement to pay the attorneys fifty per cent of the gross recovery, all of which, if approved, would result in the receipt by the three distributees of the insignificant sum of $32.50 each.

Whereas this result appears inadequate as a matter of first impression, it must nevertheless be borne in mind that the recovery to be awarded in such an action is a sum which will " be a fair and just compensation for the pecuniary injuries resulting from the decedent's death, to the person or persons, for whose benefit the action is brought " (Dec. Est. Law, § 132), namely, the statutory distributees (Dec. Est. Law, § 133), plus the funeral expenses of the decedent and the medical aid, nursing and similar costs incident to the injury causing death.

Obviously, in any evaluation of the primary loss sustained by the distributees as a result of the death, there must be taken into consideration the habits and situation of the deceased, his probable expectancy of life, his earnings, habits and relations to the distributees, and the ages and circumstances of the latter, all of which elements possess a direct bearing on the probability and amount of the financial benefit which the individuals would or might have received had the deceased continued to live. (*Wilkinson* v. *Boehm*, 231 App. Div. 295, 296; *Spreen* v. *Erie R. R. Co.*, 219 N. Y. 533, 535, 536.) The considerations in this connection are precisely the same as those involved in the determination of the distributive rights under a recovery based on the far more logical and scientific provisions of the Federal Employers' Liability Act or Jones Act. (Cf. *Matter of Uravic*, 142 Misc. 775, 783; *Matter of DeMartino*, Id. 785, 786.)

In the present connection the provisions of both the State and Federal statutes are identical in that they base the quantum of the recovery upon the pecuniary loss sustained by specified persons. The absurdity of the New York rule emerges when the time for the distribution of such recovery arrives, since the division of the proceeds is not made on the basis of such loss, but on the fixed rules of section 83 *et seq.* of the Decedent Estate Law respecting distribution of unbequeathed assets with the frequent result that actual distribution is often made to persons who in fact have suffered no pecuniary injury, at the expense of those who have, and whose loss was the primary factor in determining the amount of the recovery actually awarded.

In the present instance the decedent was a widow, sixty-nine years of age, was not gainfully employed, had not been so employed for a considerable period of time, and had no income or property of any kind. Her sole statutory distributees were two adult sons and a grandson, the child of a deceased son living with his mother. There is absolutely no demonstration of any actual financial contribution by her to any of them. On the contrary, her age, lack of occupation and complete absence of property strongly negative any reasonable

probability that her demise was the cause of any " pecuniary " injury whatsoever to any of them within the terminology of the statute. Under such circumstances, it is difficult to see, as a matter of merit, as distinguished from sympathy or the penalizing of the defendant in the action, how any recovery in excess of actual funeral and hospitalization expenses could be anticipated. It follows that on the particular conditions here demonstrated to exist the court must approve the proffered settlement as adequate.

The court concurs, however, in the position of the special guardian that as against his infant the proposed compensation of fifty per cent to the attorneys is too high. It has frequently been observed that a retainer based on such a figure is *prima facie* unreasonable and viewable with suspicion. (*Matter of Uravic*, 142 Misc. 775, 777; *Matter of Mackenzie*, 155 id. 822, 825; *Matter of Marinano*, 158 id. 825, 828; *Matter of Curley*, 161 id. 391, 397.) There is nothing in the present record to dispel this inference of unreasonableness. No trial of the issues was required. So far as the estate is concerned, the court cannot approve of a payment in excess of $350, which sum will be in full of all services to and including the entry of the final decree and the distribution thereunder.

Enter decree on notice in conformity herewith.