MARSHALL F. REED, as Administrator of the Estate of ERNEST A. REED, Deceased, Appellant, v. THOMAS P. FOWLER, Respondent.— In an action to recover damages for the death of plaintiff's intestate, resulting from a collision between decedent's automobile and that of the defendant, plaintiff appeals from an order setting aside the verdict of the jury in the sum of $35,000 and granting a new trial. Order unanimously affirmed, with costs. Decedent, a traveling salesman sixty-five years of age at the time of his death, was survived by his wife, two adult children and three grandchildren. There was virtually no evidence as to his earnings, nor was there proof of other income or his financial situation. There was testimony that his wife received $50 a week from him, that the funeral expenses were $490.56 and that he gave his married daughter and grandchildren gifts amounting in value to $200 to $400 a year. In our opinion, the evidence was totally inadequate to sustain the amount of damages awarded by the jury, and did not afford any basis for an intelligent assessment of the pecuniary loss sustained by reason of decedent's death. (Cf. *Houghkirk* v. *President of D. & H. C. Co.*, 92 N. Y. 219, 224–225, and *Wilkinson* v. *Boehm*, 231 App. Div. 295.) Moreover, the testimony concerning gifts to decedent's grandchildren, received over defendant's objection, was inadmissible (*Murphy* v. *Erie R. R. Co.*, 202 N. Y. 242; *Chilelli* v. *Long Is. R. R.*, 271 App. Div. 894) and may have been erroneously considered by the jury in arriving at the verdict. We express no opinion as to whether or not a left turn by decedent at the intersection involved would constitute a violation of subdivision 6 of section 88 of the Vehicle and Traffic Law. Present — Nolan, P. J., Carswell, Wenzel, MacCrate and Beldock, JJ.