CELIA GABA, as Administratrix of the Estate of SADIE GUTTEN-
PLAN, Deceased, Respondent, *v.* JOHN LANGSTADT, Appellant.

First Department, October 25, 1955.

*Patrick E. Gibbons* of counsel (*Raymond G. Scully* with him
on the brief; *Galli & Locker,* attorneys), for appellant.

*Irving Payson Zinbarg* of counsel (*Zinbarg & Carroll,* attor-
neys), for respondent.

*Per Curiam.* Upon the record here presented, there is no
basis in the proof submitted by the plaintiff to justify the award
of $20,000 made by the trial court for the wrongful death of
plaintiff's intestate. The latter at the time of her death was
64 years of age. She was survived by her husband who was
73 or 74 years of age and by seven adult children, the youngest
of whom was 35 years old. One son was disabled and lived at
home with his parents. Another son was confined in a mental
institution.

Two daughters of the deceased were called as witnesses. One
of them testified upon direct examination in answer to a leading
question that her mother kept house and " took care of * * *
[her sons] and all that." This is virtually the only testimony
as to the activities of the deceased. The husband was not called
as a witness. It was stated by plaintiff's counsel that the father
was ill but on at least two occasions, when defense counsel
objected to certain questions, counsel for the plaintiff threatened
to produce the husband as a witness.

There is proof, as stated, that a partially paralyzed son lived
with the deceased and her husband. There is nothing from

which an inference might be drawn as to what services the deceased rendered to this son or the other members of the family. This omission is all the more grievous in the light of plaintiff's bill of particulars that the deceased immediately prior to the accident was employed and earned approximately $40 weekly. While this claim was withdrawn upon the trial, it highlights the strange failure to present any proof as to the activities of the mother.

There is always an inherent difficulty in determining just compensation in a death action. Absent any proof, however, none of the recognized rules for measuring damages may be applied. There is no proof of damage to sustain the award made and the facts are insufficient from which a finding may be made as to the pecuniary loss, if any, that was sustained by reason of the alleged wrongful death.

The judgment should be reversed upon the facts and a new trial ordered, with costs to appellant payable on termination of the case.

Peck, P. J., Bastow, Botein and Rabin, JJ., concur.

Judgment unanimously reversed upon the facts and a new trial ordered, with costs to the appellant payable upon termination of the case. Settle order on notice.