Henry A. Hudson, J.
The motion here under consideration is one to direct the plaintiff to furnish a further bill of particulars setting forth the earning capacity of intestate’s father in an action brought by him to recover damages for the death of his son, aged 17, in an automobile accident on November 14, 1959.
*977 A demand for bill of particulars was served by defendants upon the plaintiff on March 16, 1960 demanding among other things particulars as to the following: “ 1. A specification setting forth the age of the intestate’s father, Gilbert T. Holdridge, the condition of his health, whether or not he is employed, and, if so, by whom, and the name and address of his employer, and Ms earning capacity.” (Emphasis supplied.) All requested particulars were furnished by plaintiff on July 9, 1960 with the exception of the information concerning “ his earning capacity ” concerning which it was stated “ Earning capacity — Not proper subject for Bill of particulars.”
It is claimed by the defendants that such information is relevant, material and pertinent on the question of the dependency of intestate’s father upon the intestate and to the issue of damages sought in the action.
The plaintiff contends that such demand is not a proper one and that plaintiff should not be compelled to furnish such information.
Both parties have cited authorities which they claim support their positions.
Section 132 of the Decedent Estate Law sets forth the rule governing the measure of damages in a case such as this: ‘ ‘ The damages awarded to the plaintiff may be such a sum as the jury upon a writ of inquiry, or upon a trial, or, where issues of fact are tried without a jury, the court or referee, deems to be a fair and just compensation for the pecuniary injuries, resulting from the decedent’s death, to the person or persons, for whose benefit the action is brought.”
The general rule as to evidence in an action of this character is laid down by Justice Ingbaham in Terhune v. Cody Contr. Co. (72 App. Div. 1, 2-3): “ The general rule as to the evidence in an action of this character upon which the jury are to ascertain the pecuniary injury caused to the next of kin by the death of the decedent is, that such evidence is to be limited to ‘ the age and sex, the general health and intelligence of the person killed, the situation and condition of the survivors and their relation to the deceased.’ * * * The damages to be awarded are confined by the Code to a 1 fair and just compensation for the pecuniary injuries resulting from the decedent’s death to the person or persons for whose benefit the action is brought.’ * * * In this case it was proved that the next of kin was a watchman employed by the New York Central Bail-road Company upon one of its piers. Just what wages he received for his services at the time of Ms child’s death would seem to he entirely immaterial. The child was of no pecuniary *978 advantage to the father at the time of her death. She was not earning anything and her age precluded her from being of any pecuniary advantage to him. The fact that he was a watchman would seem to be the only material fact as to his employment. In McIntyre v. N. Y. Cen. R. R. Co. (37 N. Y. 287) it was held that evidence as to the earning capacity of the deceased was competent as an inquiry of importance, in forming an estimate of the pecuniary loss sustained by the next of kin by the occasion of the death of the deceased. Proof of Ms general situation m life was competent. It would have been competent to prove that he had no accumulation and was a man who depended entirely upon his daily labor to support himself and Ms family, but the exact amount of wages that he earned at the time had Certainly no bearing upon that question. No case is cited in which this evidence has been allowed, or in which it was held error to exclude it, and I do not think its exclusion justified the court below in setting aside the verdict.” (Emphasis supplied.) It will be noted, therefore, that a clear distinction is made in the above opinion concerning the competency of evidence as to the general situation in life of the plaintiff but excluding any evidence as to exact wages, salary or income, with which reasoning this court concurs.
Defendants’ motion is denied, with $10 costs. Order accordingly.