■ Leonard E. Webster, as Administrator of the Estate of Beulah M. Webster, Deceased, Appellant, v. State of New York (New York State Thruway Authority), Respondent. (Claim No. 35135.) — Case held, decision reserved and matter remitted to Court of Claims for further proceedings in accordance with memorandum. Memorandum: Plaintiff administrator in this wrongful death action appeals upon the sole ground of inadequacy from a judgment in the sum of $10,925, plus interest. The decision awarded $20,925, but it is conceded that the amount was properly reduced by the sum of $10,000 received from a joint tort-feasor. The case has been twice tried. The second trial was necessitated by the fact that the stenographer lost or mislaid the minutes of the first trial and an appeal could not be perfected. (Cf. Waterman v. State of New York, 13 A D 2d 619.) Proof was submitted upon the second trial that the decedent was employed by the State of New York as a cook on a State dredging barge during nine months of the year. Her husband, the administrator herein, was similarly employed as a messman on a State barge. There is no serious dispute that the annual earnings of the decedent from this source were $2,660.97. The respondent, although it did not appeal, contends that the award is adequate because the record is barren of proof as to the amount, if any, decedent contributed from her earnings to her husband, children or home. Both parties recognize the statutory provision that recovery is limited to the pecuniary loss sustained by the parties for whose benefit the action is brought (Decedent Estate Law, § 132) and that such loss is measured by what the distributees would have received from decedent's earnings had she lived to her full life expectancy. (Gaba v. Langstadt, 286 App. Div. 497; Wilkinson v. Boehm, 231 App. Div. 295; Matter of Payne, 12 A D 2d 940.) Appellant contends, however, that the missing proof was submitted upon the first trial but through oversight it was not presented upon the second trial. The trial court made findings concerning the employment of decedent, her wages and rights under the State Retirement System upon working to age 70. These facts, although found, are meaningless under the foregoing legal principles, however, in the absence of proof and findings as to the pecuniary benefit, if any, of the distributees of decedent from such earnings. In the interest of justice and pursuant to section 24 of the Court of Claims Act the action is remitted for the taking of additional proof upon the subject and the making of necessary findings. (Appeal by claimant from judgment of Court of Claims for claimant.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.