(123 App. Div. 159.)

FRASER v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1908.)

DAMAGES—PERSONAL INJURIES—PROFITS OF BUSINESS—PERSONAL EARNINGS.

Plaintiff, at the time of his injury, was a merchant tailor, who took orders for clothes which he cut from goods on hand and ordered, and hired workmen by the piece to make them up. He carried a stock of goods valued at $1,200, had no one in the office except himself, and testified as to the gross and net profits of his business for six years prior to the accident. *Held*, that plaintiff's investment of capital was insignificant and a

mere incident to the performance of services almost entirely personal, so that proof of profits of the business was competent to show loss of earnings as an element of damage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 490.]

Appeal from Trial Term, Erie County.

Action by Alexander Fraser against the city of Buffalo. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial on the minutes, defendant appeals. Affirmed on condition.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Louis E. Desbecker and John W. Ryan, for appellant.
Carlton E. Ladd, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs. The action was brought to recover damages for personal injuries, alleged to have resulted from the defendant's negligence. The plaintiff fell upon an accumulation of ice upon a sidewalk and received quite serious injuries. The recovery was for $4,500 damages. It is claimed improper evidence was admitted in the case, and tended to cause so large a recovery. The only question we care to consider in an opinion relates to this subject.

The plaintiff was engaged in the business of a merchant tailor. He had an office, took orders for clothes, cut them from goods he had on hand or ordered, and hired workmen by the piece to make up the clothes. He carried a stock of goods, valued at $1,200. He had no one in his office with him. The court, under objection and exception, permitted the plaintiff to give evidence as to the profits of his business for six years prior to the accident, and in charging the jury with reference to this element of damages said:

"He has given evidence before you tending to show the gross receipts from his business for some six years prior to the accident, and he has given an estimate to you of what part of that was profit; in other words, what part of that represented the earnings from his own personal services. He claims that about 60 per cent. of the entire receipts represented the cost of the goods and the cost of the work on the goods by other people in making the garments, and that it left about 40 per cent. for his own services, excepting that he had to pay the rent out of that. As I figured roughly, the lowest gross earnings during those years, figured in this way, at 60 per cent. expenses and 40 per cent. profits, with the office rent deducted, would show that his net earnings for this corresponding period of six months in one of the six years preceding the accident was $875—that is, the lowest amount according to his testimony —and that the highest amount of his net earnings, deducting his office expenses and the expense of the cost of goods and manufacture, for any of these years was $1,126 for this corresponding six months. Now these figures are not controlling upon you. The application of these figures is just this: Of course, it is quite uncertain what a man would earn in the future; but a man, who had a business such as he had, a jury is permitted to receive and hear the evidence as to what his earnings have been for a reasonable period of time as an aid to them in looking into the future and seeing what his business would probably be during the period of disability during the period of six months here that he claims he was incapacitated from performing work, except to the extent of a small amount, you will remember. I think he said the gross receipts during the six months were $601, and the cost of goods and office rent would nearly equal that, or practically equal that. Of course, as I ob-

served, these figures are not at all controlling. It is for you to say what the probabilities are, if this man had not been injured, he would have earned in his business during those six months, and these figures are given to aid you in arriving at a proper conclusion on that subject."

An exception was taken to these instructions, and the court was requested to charge that there was no evidence on which they could base an award for loss or injury to his business, which was declined, with exception. We think no error was committed by the trial court in receiving this evidence and submitting it to the jury in the charge. We need only refer to two cases decided by the Court of Appeals. Kronold v. City of New York, 186 N. Y. 40, 78 N. E. 572; Weir v. Union Ry. Co., 188 N. Y. 416, 81 N. E. 168, and cases therein referred to. The opinions in these two cases considered the former decisions of the Court of Appeals. They are in no way conflicting, and the rule there laid down must be applied in this case. It was as follows:

"Where the facts disclose such a preponderance of the business element over the personal equation, or such an admixture of the two that the question of personal earnings could not be safely or properly segregated from the returns upon capital invested, the income or profits from a business should not be considered in determining the amount of the damages to which the plaintiff is entitled."

In the Kronold Case the plaintiff was engaged in selling Swiss embroideries. He took orders from shirt waist manufacturers, who dealt in such articles. The sales were made from designs or drawings procured from sample embroideries. No considerable stock was carried by him; the capital invested being approximately $1,000. His office expenses, which included rent and wages of an office boy, did not exceed $600 a year. His net income was about $3,000 a year, which was derived chiefly from his personal efforts as a canvasser or salesman. He employed no salesman or drummers, but did the work all himself. It was held the case should be classed as one involving the investment of an insignificant capital, as a mere incident or vehicle to the performance of services, almost, if not quite, purely personal in their nature, and therefore proof of profits of the business could be given and considered as an element of damages.

In the Weir Case the plaintiff, who was usually employed as a boatman, had for six or seven months prior to the accident rented a room immediately adjoining the street along the side of a liquor store. In this place he conducted a lunch business, and sold oysters, clams, crabs, lobsters, beef stew, and fish. There were sittings for six to eight people, and the food was eaten there. Some of the time he had two or three men. At the time of the accident he had but one man. Oysters and clams were opened as ordered, and were the principal articles of food sold. The plaintiff purchased them by the barrel. The supplies and sales varied to such an extent that the number of persons employed was changed from time to time. It did not require any particular skill or ability to manage the business, and plaintiff had no particular skill or ability in opening oysters or clams, or serving food. He did a business of $120 or $140 a week, and his expenses for help were $10 to $12, and for stock $40, per week, and his rent

$10 per month. He sometimes left the business with his employés, and it was continued for several weeks after the accident, although the plaintiff was not present. The business might have been continued until plaintiff fully recovered, by the employment of help. It was held that evidence as to profits of the business was improperly received, and that the testimony should have been confined to the value of the plaintiff's individual services during the time that he was unable, by reason of his injuries, to perform the same; that under the rule laid down in the Kronold Case the question of personal earnings was too much involved in this case with the ordinary chances of a business venture to allow the profits on plaintiff's business to be considered in determining what damages the defendant should pay to the plaintiff.

It would not be useful for us to consider, analyze, or quote from the earlier cases, which were sufficiently referred to and discussed in these two cases. It may be unfortunate that the lines have come to be so closely and narrowly drawn as to this element of profits in the measure of damages; but that is no concern of ours. We are to follow the Court of Appeals as best we can in each individual case. It seems to us our case is to be classed with the Kronold Case, and therefore the trial court properly received the evidence complained of, and submitted it to the jury as it did. All concur.