Sophie Spreen, as Administratrix of the Estate of Carl Spreen, Deceased, Respondent, *v.* Erie Railroad Company, Appellant.

Negligence — evidence — rule excluding proof of profits applicable in action for death by negligence — when widow properly permitted to testify to amount received weekly from deceased husband.

The reasons for the rule excluding proof of profits are just as cogent in a death case as in an action for personal injuries not resulting in death and it applies to both classes of actions alike, but where it appears that the decedent had been engaged in a business where the element of personal earnings predominated over a comparatively small and incidental investment of capital, it is not error to permit the widow to testify to the amount she had received weekly from her husband, since the amount customarily received by a wife from her deceased husband has some bearing on the question what constitutes a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whom the action is brought, the wife being one of those persons. (*Kronold* v. *City of New York*, 186 N. Y. 40, followed.)
*Spreen* v. *Erie R. R. Co.*, 164 App. Div. 941, affirmed.

(Argued October 23, 1916; decided December 28, 1916.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 2, 1914, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of the defendant.

The facts, so far as material, are stated in the opinion.

*William C. Cannon* and *Frederic B. Jennings* for appellant. It was improper to receive proof of the profits of the business in which the deceased was engaged. (*Masterton* v. *Vil. of Mount Vernon*, 58 N. Y. 391; *Walsh*

v. *N. Y. C. R. R. Co.*, 204 N. Y. 58; *Gombert* v. *N. Y. C. R. R. Co.*, 195 N. Y. 273; *Weir* v. *Union Ry.*, 188 N. Y. 416; *Hewlett* v. *B. H. R. R. Co.*, 63 App. Div. 423; *Read* v. *B. H. R. R. Co.*, 32 App. Div. 503; *Demarest* v. *Little*, 47 N. J. L. 28.)

*Sydney A. Syme* for respondent. The exception to the admission of evidence of earnings presents no error. (*Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58; *Kronold* v. *City of New York*, 186 N. Y. 40; *Pill* v. *B. H. R. R. Co.*, 6 Misc. Rep. 267; 148 N. Y. 747; *Fraser* v. *City of Buffalo*, 123 App. Div. 159.)

Willard Bartlett, Ch. J. The only question which we deem it necessary to discuss in disposing of this appeal relates to the admission of certain evidence introduced to show the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action was brought. (Code Civ. Pro. § 1904.) After having testified that she received money from her husband, the widow was asked what she received and how much. The question was objected to as irrelevant and immaterial, counsel adding to his objection the statement that the decedent was in business for himself, and that the estate was still carrying on the business. The court responded: "The estate, as you call it, could go on in business whether he was living or dead — the same people might — I overrule the objection;" and counsel for the defendant duly excepted. The witness answered that her husband gave her all the money he made — $35 a week when they were in business.

By previous and subsequent testimony of the same witness, all taken without objection or exception, it appeared that the decedent had carried on an express business between Hackensack and New York with wagons and horses driven by himself and sometimes by a driver whom he employed. At first he gave his wife $25 a week,

and later she got more, as the business increased. She could not keep it up after his death, as the expenses were too high, and she seems to have abandoned it altogether about eighteen months after he was killed.

Counsel for the appellant invokes the rule that evidence of profits of business, which are uncertain and fluctuating in character and amount, is not admissible to prove loss sustained by reason of personal injuries (*Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58, 68), and asks us to reverse the judgment for the violation of this rule. Individually I doubt whether the point was distinctly presented to the mind of the trial judge, but as a majority of the court think otherwise we must pass upon it. The first question is whether the rule applies to death cases as well as to cases of personal injury not resulting in death. It has been held that it does in Pennsylvania (*McCracken* v. *Traction Co.*, 201 Pa. St. 384); and in *Read* v. *Brooklyn Heights R. R. Co.* (32 App. Div. 503), a death case decided by the Appellate Division in the second department, when Chief Judge CULLEN and I were members of that court, one of the grounds for reversing the judgment was the erroneous admission of proof of the profits realized by the plaintiff's intestate as member of a partnership which was engaged in performing contracts with the city of Brooklyn for cleaning out sewers. The reasons for the rule excluding proof of profits are just as cogent in a death case as in an action for personal injuries not resulting in death and we think it applies to both classes of actions alike.

But was the rule really violated in the case at bar? I think not. Not a word was said about profits, in questioning the widow or in her responses. After she had stated that her husband was in the express business she was asked how much money she received from him. I have found no New York case in which such a question has been held to be objectionable. The amount customarily received by a wife from her deceased husband

plainly has some bearing on the question what constitutes a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whom the action is brought, the wife being one of · those persons. (Code Civ. Pro. §§ 1903, 1904.) The widow's description of her · husband's express business shows that it was really an individual enterprise conducted chiefly by himself — with the occasional assistance of other drivers — in which the horses and wagons corresponded to a mechanic's tools of trade. There is a manifest difference between an individual express business such as this was and the business carried on by a great express company. While the decedent's income was to some' extent derived from the amount he had invested in his horses and wagons, his earnings were chiefly personal, as is, apparent from the fact that there ceased to be any net income from the business after his death. The case falls within the doctrine of *Kronold* v. *City of New York* (186 N. Y. 40) where the element of personal earnings was held to predominate over a comparatively small and incidental investment of capital.

On the whole we conclude that no error was committed by the learned trial judge in the ruling which has been considered, and, therefore, that the judgment should be affirmed, with costs.

CUDDEBACK, HOGAN and POUND, JJ., concur; HISCOCK, CHASE and COLLIN, JJ., dissent.

Judgment affirmed.