MARY M. DALMAS and Others, as Executors, etc., of JAMES DALMAS, Deceased, Respondents, v. BENJAMIN GORDON, Appellant.

First Department, July 2, 1924.

Motor vehicles — action to recover for injuries suffered by plaintiffs' testator who was struck by defendant's automobile — testator died after appeal was taken — damages — evidence — error to admit evidence by plaintiff of loss of profits in boarding house conducted by testator — instructions — error to charge that sprained ankle constituted permanent injuries in absence of evidence.

In an action brought by the plaintiffs' testator, who died after an appeal was taken, for injuries suffered when he was struck by defendant's automobile, it was error for the court to admit in evidence, on behalf of plaintiffs' testator, the loss of profits in a boarding house conducted by him.

It was error for the court in its charge to refer to permanent injuries, the plaintiff having suffered only a sprained ankle, since there was no evidence of permanent injury, and the jury should have been instructed to that effect.

APPEAL by the defendant, Benjamin Gordon, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 14th day of November, 1923, upon the verdict of a jury for $2,550, and also from an order entered in said clerk's office on the same day denying the defendant's motion for a new trial made upon the minutes.

*J. Arthur Hilton* [*Alfred T. Tompkins* with him on the brief], for the appellant.

*Abraham M. Fisch,* for the respondents.

MARTIN, J.:

This action was originally brought by plaintiffs' testator to recover damages for personal injuries sustained by him on March 3, 1921, as a result of being struck by defendant's automobile. Liability on the part of the defendant was admitted. The trial was for the sole purpose of assessing damages. After appeal taken but before the same was heard the plaintiff died, and his executors have been duly substituted in his place as plaintiffs.

The appellant maintains that error was committed by the trial court in the admission of evidence and in the charge to the jury, and that the verdict is excessive.

Evidence of loss of profits of a boarding house conducted by the plaintiff was admitted as proof of damages. The evidence of loss of profits was clearly inadmissible in this case. The complaint was for personal injuries, pain and suffering. It was error to admit evidence of loss of profits. In any event the evidence

was insufficient to warrant a recovery therefor. (*Masterson* v. *Village of Mount Vernon*, 58 N. Y. 391; *Gombert* v. *N. Y. C. & H. R. R. R. Co.*, 195 id. 273; *Weir* v. *Union Railway Co.*, 188 id. 416; *Walsh* v. *N. Y. C. & H. R. R. R.. Co.*, 204 id. 58.)

There was also a reference in the charge to permanent injuries for which there was no support in the record and to which the defendant's counsel called the attention of the court. The injury was a sprained ankle. There was no evidence of permanent injury and the jury should have been instructed to that effect.

The errors committed on the trial make it necessary to reverse the judgment.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Judgment and order reversed.