STEPHEN GALANIS, Respondent, *v.* PHILIP SIMON, Appellant.

Fourth Department, December 30, 1927.

**Motor vehicles — damages — action for injuries suffered by plaintiff to second and ring fingers of left hand — fingers are practically paralyzed — plaintiff, custom tailor, is now unable to do fine work — principal income of plaintiff is derived from services and not from goods sold — it was not error to permit evidence of plaintiff's income before and after accident — verdict not excessive.**

The plaintiff, a custom tailor, was injured in an automobile accident, and as a result of the injury the second and ring fingers of his left hand are practically paralyzed. Since the accident he has been unable to do fine work as a tailor and it appears that the success of his business depended upon his ability as a designer and finisher, and that because of the accident he is unable to do the finishing work on clothing designed by him.

It was not error for the court to admit testimony on the question of damages as to the gross income of the plaintiff from his business for a year prior to the accident and as to his income from the business for the year following the accident, for the plaintiff belongs to that class whose income depends upon his personal skill, taste or ability in the particular calling, profession or business in which he is engaged, and, therefore, the rule applicable is that gross income before and after the injury is properly admissible on the question of damages.

Evidence as to the income of other tailors of alleged equal skill would not be admissible, because the income of the plaintiff prior to the accident depended to a large extent upon his personality and his own skill and ability in designing and finishing clothes.

A verdict of $6,000 is not excessive.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Erie on the 17th day of June, 1926, and also from an order entered in said clerk's office on the 8th day of June, 1927.

*Love & Keating* [*George P. Keating* of counsel], for the appellant.

*Phillies & Weil* [*George E. Phillies* of counsel], for the respondent.

HUBBS, P. J.   This is an action to recover damages because of injuries received by the plaintiff in an automobile accident.   The plaintiff recovered a verdict for $6,000.   The only questions raised by the appellant relate to rulings upon questions of evidence in regard to the measure of damage, the court's charge upon that question, and the amount of the verdict, which is claimed to be excessive.

The plaintiff is a tailor and for thirteen years before the accident he had run a small custom tailor shop.   He did the designing, measuring, cutting and the finishing or fine work of sewing and fitting in the sleeves, etc.   He carried a small stock of cloth and fittings of the value of from $500 to $1,000.   He also carried samples from which his customers selected the cloth which they desired.   His gross business the year before the accident amounted to $21,000.   He sent out clothes to be made up in part and employed two men who did outside work for him by the piece.   He also employed one man in the shop.

As a result of the injury which the plaintiff received, the second and ring fingers of his left hand are practically paralyzed, and he is unable to extend them.   He cannot straighten them more than fifty per cent.   He has only forty per cent to fifty per cent of the grip in his left hand, and cannot control those fingers.   He can no longer do fine work as a tailor.   He cannot hold the cloth and fix it into the sleeves.   He was permitted to testify what his gross income was for the year previous to the injury and for the year after the accident.   He was also permitted to state his average yearly earnings before and after the injury.   That testimony was received over the objection and exception of defendant's counsel, who urged that it was incompetent as it necessarily involved profits derived from the investment of capital and that it was speculative.

It is difficult to see how his damage could be proved in any other way.   His income depended upon his taste and skill as a designer and maker of custom-made suits.   His individuality and taste as a designer and cutter were elements which entered into the production of his income, as did his skill in fitting in the sleeves and doing the fine work on the suits.   He could not hire any one to take his place.   He had the work to do because he pleased his customers and when he could not personally do the work his business decreased.   He testified that his greatest profit was on the labor on the suits " *because that is me.*"

The rule of law applicable to a situation like this has often been stated and is not in dispute.   The trouble comes in attempting to apply the rule to specific cases.   In *Walsh* v. *N. Y. C. & H. R. R. R. Co.* (204 N. Y. 58, 68) the principle is stated as follows: " The

rule is that evidence of profits of business, which are uncertain and fluctuating in character and amount, is not admissible to prove loss sustained by reason of personal injuries, but that loss of services which have a certain and definite value may be proved.   Therefore, the first inquiry in each case is whether the loss sought to be recovered consists of profits which may not be proved, or earnings which may be proved.   That is a question which depends upon the evidence in each instance   *   *   *.''   In that case the plaintiff was engaged in the business of selling men's furnishings in a store conducted by himself without the aid of clerks.   He testified that his services were worth in that business between $150 and $200 a month.   Judge WERNER stated in his opinion that the question was not free from doubt, but the judgment in favor of the plaintiff was affirmed.   In that case there was testimony by competent witnesses as to what the plaintiff's earnings, as earnings, were worth, and the trial court, in its charge to the jury, said: "And if you come to the question of damages, you are not to take into consideration the profits of his retail store business.''   Chief Judge CULLEN dissented and laid down what he thought was the proper rule in cases of this kind — that is: '' The fair and reasonable salary of a man employed to do his work.''   The Court of Appeals divided four and three, which is evidently a holding by that court that a plaintiff is not limited to the narrow rule announced in that case by Chief Judge CULLEN.

In *Kronold* v. *City of New York* (186 N. Y. 40) it was held that a man engaged in the sale of embroideries with a small capital investment which was a mere incident or vehicle to the performance of services which were purely personal in their nature could recover for a loss of earnings.   The rule is announced by the cases that a plaintiff is not prevented from recovering for loss of earnings simply because he is in business, but he cannot recover profits under the guise of earnings.

The case of *Masterton* v. *Village of Mt. Vernon* (58 N. Y. 391) decided that the plaintiff, a dealer in teas, which business required expert knowledge and skill, could not recover the uncertain profits which the plaintiff might have made in that business.   It was held that he could describe the business, its extent, and the particular part which he did and then prove the compensation usually paid to persons doing the same work.   In that case, however, Judge GROVER said: '' Where, in such a case, the plaintiff has received a fixed compensation for his services, or his earnings can be shown with reasonable certainty, the proof is competent.''

In the case of *Pill* v. *Brooklyn Heights R. R. Co.* (6 Misc. 267; affd., 148 N. Y. 747) the plaintiff was a custom corset maker who

maintained a corset shop and employed two girls to help her. The court said: " While the evidence does not show it, we may safely assume that plaintiff purchased the materials necessary to make corsets as ordered by her customers, but we do not think that such purchases and the employment of two women to assist her can be deemed, within the cases, an investment of capital. We think that plaintiff's business, as described by her, was plainly one where her earnings, as testified to by her, were the result of her personal skill, and that they were ' shown with reasonable certainty,' as Judge GROVER puts it."

In *Ehrgott* v. *Mayor, etc.* (96 N. Y. 264), the plaintiff was engaged in selling books on a contract with the publishers, and he received a commission on his sales. He was permitted to show what he earned on his contract each year before the accident. It was held that the plaintiff's income was not from capital invested but solely from personal skill and services, and that while it was speculative, it was the best that could be done and was competent for the consideration of the jury. Judge EARL, in referring to the case of *Masterton* v. *Village of Mt. Vernon (supra)*, wrote: " There the profits resulted, both from capital and services, and the services were rendered both by the plaintiff and his partner; and hence it could not be known how much of the profits were due alone to the plaintiff's skill and services. It was under such circumstances that it was held that the profits depending upon all the contingencies of trade and commerce, of wind and water, were too uncertain as a guide for the jury." Judge EARL'S discussion in that case is very illuminating and persuasive. He likens the occupation of the plaintiff to that of a lawyer, physician or dentist, whose earnings are the result of personal skill. Although each has a certain amount of capital investment, yet his income is classified as personal earnings.

The line of demarcation between the cases, as I understand it, is whether the plaintiff belongs to a class where his income depends upon his personal skill, taste or ability in the particular calling, profession or business in which he is engaged, or whether he is engaged in a line of work which could be done by someone else who could be hired to take his place.

The first class of cases is illustrated by the case of *Loesberg* v. *Fraad* (119 Misc. 447) where the plaintiff, a dentist, was prevented from carrying on his business because of the negligence of the defendant. There the court said: " The plaintiffs fall within the class of those whose livelihood depends upon the earning capacity of their brain and muscle. The amount of capital invested in their business is necessarily small and is only an incident to their business."

In *Spreen* v. *Erie Railroad Co.* (219 N. Y. 533) the deceased was engaged in the express business, having the personal property incident to such business. There the court said: " There is a manifest difference between an individual express business such as this was and the business carried on by a great express company. While the decedent's income was to some extent derived from the amount he had invested in his horses and wagons, his earnings were chiefly personal, as is apparent from the fact that there ceased to be any net income from the business after his death. The case falls within the doctrine of *Kronold* v. *City of New York* (186 N. Y. 40) where the element of personal earnings was held to predominate over a comparatively small and incidental investment of capital."

The case of *Fraser* v. *City of Buffalo* (123 App. Div. 159) arose in this Department. The plaintiff was a tailor carrying a stock of the value of $1,200. He was permitted to show his earnings prior to the accident. That case is quite similar to the one at bar.

The case of *Weir* v. *Union Railway Co.* (188 N. Y. 416) illustrates the second class. In that case the plaintiff was usually employed as a boatman, but prior to the accident he had rented a room and conducted a lunch and oyster business. Some of the time he employed two or three men. As stated by Judge WILLIAMS in the *Fraser* case: " It did not require any particular skill or ability to manage the business, and plaintiff had no particular skill or ability in opening oysters or clams, or serving food." The Court of Appeals held, in the *Weir* case, that it was improper to show the profits of the business and that the evidence should have been confined to the value of the plaintiff's individual services.

In *Gombert* v. *N. Y. C. & H. R. R. R. Co.* (195 N. Y. 273) the plaintiff was a contractor engaged in building houses and other buildings. The court held in that case that profits entered to such an extent into his income that it was incompetent to show it.

So in the case of *Dalmas* v. *Gordon* (210 App. Div. 239) it was held that the evidence of loss of profits of a boarding house conducted by the plaintiff was improperly admitted.

I think the plaintiff's business falls within the class where one's income depends upon personal skill. It may be said that there were other tailors of equal skill who could have testified to their earnings, thereby establishing the measure or value of the plaintiff's earnings. Of course, every one knows that this is not true. There may be lawyers and doctors of equal skill and ability, but because of the personality of one, or for some other reason that is hard to define, one may have a profitable business and a large income while another, with equal skill and ability, has a small business and

income.   So with a custom tailor, his income may depend upon the individuality which he is able to put into a suit of clothes and the skill and taste which he displays.   Those are the things which attract his customers and build up his business.   As said by Judge WILLIAMS in the *Fraser* case: " It may be unfortunate that the lines have come to be so closely and narrowly drawn as to this element of profits, in the measure of damages, but that is no concern of ours.   We are to follow the Court of Appeals, as best we can, in each individual case."

The charge of the trial judge was far from clear, but I think that it fairly conveyed to the jury the idea that it was to award damages for the value of lost services and not for loss of profits, and that it was to arrive at the damages the best it could from the testimony in the case.

It cannot be held that the verdict is excessive.   The plaintiff would be better off without the two fingers.   They are partially paralyzed and when cold they turn blue.

I advise that the judgment and order be affirmed, with costs.

All concur, except TAYLOR, J., not voting.   Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment and order affirmed, with costs.