## BISSONETTE v. NATIONAL BISCUIT CO.

### No. 151.

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1939.

1004

Brown & Gallagher, of Albany, N. Y. (Oscar J. Brown, of Albany, N. Y., of counsel), for appellant.

Frederick J. Fayette and John J. Deschenes, both of Burlington, Vt., for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellee purchased from a retail store at Glens Falls, New York, a loaf of sliced bread which was baked, wrapped in paper, and sold by appellant to its retail dealer. The bread was not opened by appellee until used by him in making two slices of toast. Soon after eating this toast with a cup of coffee, he became ill, went to bed, and during the night was awakened by pains in his stomach. He vomited into water, making it very red, and then went back to bed. The next day he examined the bread and pointed out to his daughter that there was glass in the uneaten portions of the bread. Thereupon he called up the appellant's bakery, talked with the manager and showed the bread to him with the pieces of glass therein contained. He passed some of the glass in his faeces. There was testimony that later he developed stomach ulcers shown by competent medical testimony to have been caused by this glass. The particles of glass found in the uneaten bread had the appearance of coming from a broken electric light bulb. This testimony required its submission to the jury to determine whether the appellant had sold food unfit for human consumption and was negligent in its baking and sale to a retailer to be resold to the public for consumption.

Unless there were errors committed during the trial, the verdict must stand.

The first question presented concerns the rule of care which the trial judge charged it was the duty of the appellant to use in preparing and selling its bread. The want of due care by appellant took place in New York where the bread was baked, purchased and consumed. The law of New York is applicable as to the rule of care. Erie R. R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

The court, in stating the duty of the appellant, charged that "The law imposed the duty on the defendant in making its bread, to be sold to the public for human food, to use such care and prudence as a reasonably careful and prudent person would use in such circumstances to make the bread safe for the health and welfare, instead of dangerous to the health and welfare of persons who might purchase and use the bread for their food." This rule of reasonable care for the production and sale of food for human consumption is the rule prevailing in New York. Bourcheix v. Willow Brook Dairy, Inc., 268 N.Y. 1, 196 N.E. 617, 98 A.L.R. 1492. What are reasonable precautions depend on the circumstances. Appellant must take precautions which careful and prudent bakers would take under similar circumstances. Carroll v. New York Pie Baking Co., 215 App.Div. 240, 213 N.Y.S. 553. In the case of food stuffs, a higher degree of care is normally required of the producer than is usually made applicable in other charges of negligence. The reason for this is apparent. The greater the danger to the public if the article is not carefully prepared, the more exacting becomes the law that every possible precaution be taken. The history of this doctrine and its various applications is authoritatively traced and given expression in MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, Ann.Cas.1916C, 440. As applied to food stuffs, the rule simply requires reasonable care, but as stated, reasonable under the circumstances. In addition to the details of the usual baking practice, the circumstances to be taken into consideration include the fact that the food is prepared for consumption in its existing state so that it should be free from impurities which are dangerous to health since the consumer is ordinarily unable to examine the food and normally cannot be expected to do so. Thus, normal use of food containing im-

purities or foreign particles results in a reasonable certainty of personal harm to the consumer and, where harm does result, it is actionable. Foley v. Liggett & Myers Tobacco Co., 136 Misc. 468, 241 N.Y.S. 233; Cohen v. Dugan Bros., Inc., 132 Misc. 896, 230 N.Y.S. 743.

The learned trial judge properly and adequately stated in his charge: "As the danger increases from dangerous things getting into the bread, the law increases the care and prudence required of the defendant to keep such things out of it—as the danger increases, the care increases; when the danger is great the law requires great care to prevent it." Although the court did not define what it meant by "circumstances", it must be understood to be the circumstances applicable in the instant case. The "reasonable man" degree of care which the court applied, with all its vagueness, was properly applied, for no other test has yet been devised which will leave the jury free to decide the underlying questions of fact.

Usually, the burden of proving the negligent acts of a defendant is upon the plaintiff. Under some circumstances, the quantum of proof which a plaintiff must supply is lessened. This is particularly true where the facts before the court show that there is a small degree of probability that a plaintiff's actions were responsible for the injury and that the article consumed was exclusively in control of the defendant. Appellant made no adequate explanation which would justify the presence of glass in this bread. The jury could well have believed from this evidence that appellee was not responsible for the glass in the bread; that the loaf was made by appellant, was placed in a wrapper by it and purchased in the same wrapper. Appellant had exclusive control of making the bread which the appellee purchased. Moreover, consumption of bread is usually not unhealthy. These facts standing alone would justify the verdict. Swift & Co. v. Blackwell, 4 Cir., 84 F.2d 130; Chevy Chase Dairy Inc. v. Mullineaux, 63 App.D.C. 259, 71 F.2d 982; Quinn v. Swift & Co., D.C., 20 F.Supp. 234; Rozumailski v. Philadelphia Coca-Cola Bottling Co., 296 Pa. 114, 145 A. 700. The appellant offered proof to show the care exercised in the baking of its bread and to indicate that if glass got in the bread it was due to no act or omission on its part. In other words, it attempted to show that it breached no duty owed to the appellee. This was in accord with its answer to the doctrine of res ipsa loquitur sought to be applied against it. Griffen v. Manice, 166 N.Y. 188, 59 N.E. 925, 52 L.R.A. 922, 82 Am.St.Rep. 630; Huscher v. New York & Queens E. L. & P. Co., 158 App.Div. 422, 143 N.Y.S. 639. In reply appellee showed that despite the precautions taken by appellant, it was yet possible that the glass could get in the bread because a sieve through which the baking materials passed was defective. Thus the jury might have found that the sieve did not catch the pieces of ground glass which reached the dough. All this evidence required its submission to the jury, and this was done in a charge correctly stating the rule of law applicable.

Error is assigned as to admission of evidence regarding the loss of earnings during the period of appellee's illness. Appellee's earnings for rendition of personal services may be used as an element of his compensatory award. Galanis v. Simon, 222 App.Div. 330, 225 N.Y.S. 673. But income from sources other than giving personal service may not be shown. Masterton v. Village of Mt. Vernon, 58 N.Y. 391. Appellant attempts to label his remuneration as profits rather than earnings. Gombert v. N. Y. Central & Hudson River R. R., 195 N.Y. 273, 88 N.E. 382, 133 Am.St.Rep. 794. The proof of appellee's remuneration for operation of his gasoline station was properly received. In Weir v. Union Ry., 188 N.Y. 416, 81 N.E. 168, 11 Ann.Cas. 43, the court excluded evidence showing the earnings from a plaintiff's business of running an oyster shop because anyone could open oysters, that is, a plaintiff could hire some one else to do the work. Kronold v. City of New York, 186 N.Y. 40, 78 N.E. 572 allowed a showing of a salesman's income. Spreen v. Erie R. R., 219 N.Y. 533, 114 N.E. 1049, L.R.A.1918C, 1086, allowed evidence of income from carrying on an express business. The instant case comes within the rule of the Kronold and Spreen Cases, supra. The burden of showing that loss of income comes within the category of personal remuneration rather than capital remuneration rests on the appellee. Cambert v. New York C. & H. R. R. Co., supra. This burden the appellee has sustained. He owned the business but invested no capital; he paid rental proportionate to the quantity of gasoline sold; and paid his other expenses, electricity, water and the salary of a part time helper. His busi-

1006

ness from this source was largely local and was increased under his management. The personal services appellee performed consisted of pumping gas, changing oil and tires, repairing inner tubes, greasing cars and some work normally done by an automobile mechanic. These services cannot be classified as rendered by unskilled labor.

 Complaint is made of the participation of the trial judge in the trial of the cause. This was a matter resting solely within the discretion of the learned judge and we find no abuse of that discretion. Nor do we find any interference or prejudicial conduct as argued. Drumm-Flato Comm. Co. v. Edmisson, 208 U.S. 534, 28 S.Ct. 367, 52 L.Ed. 606; Manhattan Oil Co. v. Mosby, 8 Cir., 72 F.2d 840.

We cannot disturb the finding of the jury as excessive. O'Connor v. Ludlam, 2 Cir., 92 F.2d 50; Sun Printing & Pub. Ass'n v. Schenck, 2 Cir., 98 F. 925.

Judgment affirmed.