## DARRELL v. JOE MORRIS MUSIC CO., Inc., et al.

### No. 373.

Circuit Court of Appeals, Second Circuit.

July 1, 1940.

David. Bernstein, of New York City (Harold Zucker and Edward Siegel, both of New York City, of counsel), for appellant.

Wattenberg & Wattenberg, of New York City (Sidney Wm. Wattenberg, of New York City, of counsel), for appellees.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

This appeal depends upon whether the judge's finding that Sherman and Silver did not copy the plaintiff's composition was "clearly erroneous" under Rule 52 (a), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c. The strength of the plaintiff's case lies in the substantial identity of a sequence of eight notes in his song and theirs; and indeed, that hardly does justice to the similarity between the two, because the sequence reappears in each song so frequently as to constitute the greater part of each. This makes the two, when rendered, so much alike to the ear, that the supposed piracy appears almost inevitable. Nevertheless, we are not convinced that that conclusion is inescapable. The showing of access was not very persuasive. It is true that Gladys Crane swore that Silver had heard her sing the plaintiff's song in June, 1928, shortly after its composition, and that her mother somewhat dubiously corroborated her. However, that was seven and a half years before the defendants' song was composed, a long time for such a theme to hang in Silver's memory. Meanwhile, the plaintiff's song had had very scant publicity, for although 1,500 copies had been sold, and there had been public performances in 1931, 1933, and 1935, nobody fastened Silver with knowledge of any of these. He denied that he had heard it at any time, and while he may have been mistaken, there is no reason à priori to upset the finding that he was not. We have already said in Arnstein v. Marks Music Corporation, 2 Cir., 82 F.2d 275, that such simple, trite themes as these are likely to recur spontaneously; indeed the defendants have been able to discover substantial equivalents of that at bar in a number of pieces which appeared earlier than the plaintiff's, and while this did not impair the copyright, it serves to fortify the judge's conclusion that the similarity did not falsify Silver's denial. It must be remembered that, while there are an enormous number of possible permutations of the musical notes of the scale, only a few are pleasing; and much fewer still suit the infantile demands of the popular ear. Recurrence is not therefore an inevitable badge of plagiarism.

We are asked to disregard the judge's finding because from what he said at the trial, he seems to have supposed that anticipation invalidates a copyright. We are not perfectly sure that he meant this; but, if he did, we cannot assume that he did not intend to make the finding on which we rely. If the plaintiff had wished to rid himself of that handicap, he should have done so before he appealed; while it stands, it is fatal to his success. We will allow no counsel fee on the appeal.

Judgment affirmed.