## SARKADI v. WIMAN.

### No. 222.

Circuit Court of Appeals, Second Circuit.

May 17, 1943.

Nathan B. Kogan and Arthur S. Gales, both of New York City, for appellant.

Cohen, Cole, Weiss & Wharton, of New York City, (Harry J. Leffert and Samuel D. Cohen, both of New York City, and Frank J. Gallagher, of Brooklyn, of counsel), for appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff is the author of a play called "The Angel" which was duly copyrighted and registered under the publication date of September 2, 1929. The defendant Wiman is the producer of a play entitled "I Married an Angel" and it is this play, which appeared as a musical comedy, which plaintiff alleges infringes his work. The plaintiff claims that the court erred in finding no access, in concluding that the two works were dissimilar, and in awarding attorney's fees of $2,500 to the defendant.

There was evidence that plaintiff Sarkadi wrote his play in New York and submitted it to a Lina Abarbanell, although she failed to recall the submission, and to a Dr. Pauker some time in the year 1930. The play, however, was returned to the plaintiff by both persons. Dr. Pauker, it appears, is a literary agent who sold the accused play to Wiman and who has made frequent trips to Europe in the past in search of new plays and novels. He was acquainted with Dr. Alexander Marton of Hungary who was the co-owner of the play "I Married an Angel" along with John Vaszary who, according to the de-

fendant, is the author of the accused play. Dr. Pauker sold the movie rights to this play in 1932 and later, in 1937, sold the rights to produce it on the stage to the defendant, who claims through Marton and Vaszary. Vaszary testified that he conceived the idea of his play in 1930; that he never heard of Sarkadi until this action was begun; and that he never saw "The Angel." Dr. Pauker testified that he did not meet Vaszary until 1935 and that he had never submitted Sarkadi's play to Vaszary or Marton or anyone else. Plaintiff, however, argues that the acquaintance of Dr. Pauker with Dr. Marton and Vaszary and the submission of "The Angel" to Pauker in 1930 together with the association of Wiman and Lina Abarbanell in the production of "I Married an Angel" prove access prima facie. It is also claimed that access is indirectly shown by the close similarities between the two plays.

We are satisfied that the court below was justified in finding on the evidence before it that Vaszary's play was his independent production and that there was no access to the plaintiff's play and consequently no copying of it by the author of "I Married an Angel." The fact that Pauker made frequent trips to Europe and his prior business dealings with Dr. Marton, who was co-owner of the accused play with its author, Vaszary, are of course some evidence that an opportunity for copying might have been possible. But that was but a possibility with no near approach to likelihood and merely supplied some basis for an inference. To meet that, the defendant produced evidence that Vaszary wrote his play in Hungary in 1930; and that Pauker, though he had business connections in Hungary through Dr. Marton, did not meet Vaszary until 1935 and that he had never mentioned Sarkadi's play to Marton or anyone else. The burden of showing access was of course the plaintiff's and his evidence was all so indecisive on this point that the finding of no access cannot be said to have been clearly erroneous. We, therefore, accept it. Darrell v. Joe Morris Music Co., 2 Cir., 113 F.2d 80.

The similarities found in the two plays, which is another way of showing access, are not so striking that the direct evidence of non-access cannot be taken at face value. Both plays, it is true, have to do with angels appearing on earth in modern, sophisticated society; but that in and of itself signifies little if anything as to copying. It was an old literary concept. Moreover, there the similarities in plot end because, while the angel in the defendant's play remains on earth and assumes earthly attributes, the plaintiff's angel leaves this world of ours after performing the object of her mission. What other similarities in plot were shown were found by the court below to have been occasioned by the fact that angels have certain well-known characteristics which resulted only in such likenesses as one might expect in two plays dealing with the same subject matter.

It thus appears that the plaintiff has failed to prove access either directly or indirectly and in the absence of such a showing we will not disturb a judgment based on the failure to prove infringement. Frankel v. Irwin, D.C., 34 F.2d 142; Harold Lloyd Corporation v. Witwer, 9 Cir., 65 F.2d 1, 16.

Appellant also insists that the attorney's fee awarded pursuant to 17 U.S.C.A. § 40 was too high and should be decreased on the ground that allowing it was an abuse of discretion. In view of the amount of work the defense of this action involved, we do not think the award was unreasonably high and it may stand provided it is treated as including whatever such fee may be allowable on this appeal.

Affirmed.