## BRODSKY v. UNIVERSAL PICTURES CO., Inc.

### No. 333.

Circuit Court of Appeals, Second Circuit.

May 28, 1945.

Samuel Cooperman, of New York City, for appellant.

Julian T. Abeles, of New York City (Leopold Bleich, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

This appeal raises only the question whether the two following findings of the district court were "clearly erroneous"; (1.) that the composer of the defendant's offending composition "never heard, had knowledge of, or access to plaintiff's work, or any copy, notation or form thereof"; (2.) that "no part of defendant's music was based upon, or taken, copied or adapted from, plaintiff's work." The only direct evidence of access by the defendant to the copyrighted musical composition is the plaintiff's testimony that in 1936 he submitted it to the Robbins Music Corporation in New York, a company, whose connection with the defendant we reserve for the moment. This company was one of about twenty-six publishers, to whom the plaintiff swore that he had submitted his piece, and who all returned it. He has charged seven besides the defendant, with plagiarizing it in over fifty different compositions; no doubt, because, as he said, "different musical authorities told me that it is one of the most beautiful themes ever composed by any man." Salter, the composer of the supposed plagiarism was employed by the defendant in Hollywood to write the music for its moving pictures; he composed the music in question in 1941, as an "incidental background" to a play called, "Bad Lands of Dakota." He had had a long and varied experience as a composer and conductor, and had composed many similar pieces; he disclaimed any acquaintance whatever with the plaintiff's production. The plaintiff's theory is that the Robbins Musical Corporation made a copy of the "theme" of the copyright work, when he submitted it to that company; that the company relayed it to the defendant; and that Salter saw it in 1941, and lifted it for use in his "incidental background." The connection between the Robbins Musical Corporation and the defendant does not appear with certainty; all we know is that the copyright of Salter's music, though taken out in the defendant's name, was said to be "controlled by Robbins Musical Corporation"; and that "the music that was published by Robbins was handled through the Musical Department of Universal Studios." These somewhat cryptic statements tell us very little except that there was some sort of relation between the two companies, which permits as a possible inference that the Robbins Company might on occasion send catching themes to the defendant.

The plaintiff's case really rests upon no more than the similarity between a few bars of his composition and a few of Salter's. So far as the two are alike, the plaintiff's music is equally like a number of earlier productions, with some of which the plaintiff must have been familiar, while he was a stagehand for the Chicago Opera,

before he became a subway conductor, his present job. It is conceivable that, as he probably had some genuinely musical bent, these phrases may have lingered in his mind, and become the matrix for what he supposed, honestly enough, to be an original composition. But we need not resort to any such hypothesis, nor do we suggest that it is more than a possibility; for the evidence was important for quite another reason. Everyone, acquainted with actions for the invasion of musical copyrights, knows how often the same short musical sequences recur spontaneously, and what a feeble proof of plagiarism is their reappearance in a later composition. Upon that scanty basis it is as unfair to impute imitation to a second comer, as it would be to impute it to the author. Darrell v. Joe Morris Music Co., Inc., 2 Cir., 113 F.2d 80. Yet we are here asked upon the strength of no more to hold that a simple theme, uniformly rejected by many publishers, was secretly purloined by one, who did not use it himself, but sent the stolen copy to the defendant, where it lay unused for five years, when a tiny part of it was incorporated into a new composition by a highly experienced composer. We are further to assume that, although the part in question had repeatedly appeared in earlier compositions, its beauty made it a bait for many other unconscionable plagiarists; and finally, we are asked to hold that the judge, who saw the plaintiff and had opportunity to appraise his credibility, and who held that he had not proved his case, has been led into plain error in not accepting the plaintiff's story. The very statement of this position seems to us its complete refutation.

Judgment affirmed.