Philip **PLOTKIN**, Plaintiff-Appellant,

v.

**NATIONAL COMICS PUBLICATIONS, Inc., Wayne Boring, Columbia Pictures Corporation and RKO Theatres Corporation, Defendants-Appellees.**

**No. 30, Docket 22997.**

United States Court of Appeals, Second Circuit.

Argued Nov. 12, 1954.

Decided Nov. 26, 1954.

Gustave B. Garfield, New York City (Charles Trynin, New York City, on the brief), for plaintiff-appellant.

Abraham I. Menin, New York City (Menin & Herzog and Asa S. Herzog, New York City, on the brief), for de-

fendant-appellee National Comics Publications, Inc.

Arthur H. Schwartz, New York City (Schwartz & Frohlich, Herbert P. Jacoby, and Stuart G. Schwartz, New York City, on the brief), for defendants-appellees Columbia Pictures Corp. and RKO Theatres Corp.

Before CLARK, Chief Judge, and FRANK and HARLAN, Circuit Judges.

PER CURIAM.

Plaintiff challenges the dismissal of his suit for infringement of his copyrighted comics character, Atoman, and for misuse of confidential information relating thereto. Judge Ryan's finding that plaintiff's conception, Atoman, was neither original nor infringed by defendant's independently produced movie, Atom Man v. Superman, is supported by substantial evidence, Darrell v. Joe Morris Music Co., 2 Cir., 113 F.2d 80, and is in accord with prior decisions of this court. Arnstein v. Edward B. Marks Music Corp., 2 Cir., 82 F.2d 275; Warner Bros. Pictures v. Majestic Pictures Corp., 2 Cir., 70 F.2d 310. We also concur in the trial judge's conclusion that plaintiff's disclosures to defendants concerning Atoman were not made in circumstances of implied contract or trust so as to support an action for unfair competition.

Plaintiff's only new allegation on this appeal is his contention of prejudicial hostility on the part of the trial judge. The basis alleged for such prejudice is too trivial to warrant further consideration, and the judge's conduct of the trial was proper. Plaintiff refused several opportunities before the announcement of the decision to ask for a mistrial. The judge's active interrogation of witnesses in this non-jury trial was within his discretion. Bissonette v. National Biscuit Co., 2 Cir., 100 F.2d 1003; Pariser v. City of New York, 2 Cir., 146 F.2d 431, 433.

Affirmed.