■ GEORGE T. COLEMAN et al., Respondents, v. GEORGE MYERS, Appellant.— AULISI, J. Appeal from an order of the County Court of Albany County entered April 18, 1967 in Albany County which denied a motion for the discovery and inspection of plaintiffs' pertinent income tax returns. Plaintiffs were self-employed trash collectors, claiming loss of income as a result of injuries allegedly caused by defendant's truck colliding with plaintiffs' truck. At the pretrial examination, plaintiffs testified they earned from their business about $150 each per week, giving the names and addresses of some of their customers, and that the average charge for trash collection was $1 per barrel. Plaintiffs testified from memory, apparently having kept no books or records concerning the business. Plaintiffs were in this business for about a year before the accident. CPLR 3101 requires disclosure of all material and necessary evidence. When a self-employed plaintiff sues in a negligence action for personal injury, evidence of his income from business of personal efforts may be material and relevant (Kronold v. City of New York, 186 N. Y. 40; Gombert v. New York Cent. & Hudson Riv. R. R. Co., 195 N. Y. 273; Spreen v. Erie R. R. Co., 219 N. Y. 533; Bissonette v. National Biscuit Co., 100 F. 2d 1003). None of the cases relied upon by plaintiffs are for income tax returns in negligence actions in which the plaintiff was self-employed. Glenmark, Inc. v. Carity (22 A D 2d 680, app. dsmd. 15 N Y 2d 956) was an action for fraud in which inspection of books, records and other documents was allowed but not income tax returns without a stronger showing of necessity or desirability; Fugazy v. Time, Inc. (24 A D 2d 443) was a libel action in which defendant failed to show the need to inspect plaintiff's returns, besides, plaintiff had supplied a statement of gross income, with sources of income; and November v. Hollander (83 N. Y. S. 2d 869) was an action on an oral contract, compensation in part being based on defendant's profits and defendant had books of account of his business, but discovery was denied primarily because plaintiff did not demonstrate convincingly enough that he had a cause of action. In the instant case, however, plaintiffs kept no books or records to confirm their allegations of loss of earnings. It would be wholly unrealistic and an unreasonable burden on defendant to require him to gather evidence of income by contacting all of plaintiffs' customers. Without the income tax returns, the only evidence would be plaintiffs' testimony. Many cases support the requirement of discovery of income tax returns when the injured plaintiff is self-employed (Elmer v. Byrd, 32 Misc 2d 408, affd. 16 A D 2d 744; Rosenblum v. Rosenblum, 21 A D 2d 682; Sachs v. Stripling, 36 Misc 2d 813; Holihan v. Regina Corp., 54 Misc 2d 264; Altman v. City of New York, 46 Misc 2d 133). In Di Biasso v. Gonsenhauser (36 Misc 2d 799) discovery was denied because plaintiff was not self-employed. Defendant's motion did not specify the particular year or years for the returns. CPLR 3120 (subd. [1]) calls for "specifically designated documents". Although discovery and inspection should not be used as a "blunderbuss" or for a "fishing expedition" (Rios v. Donovan, 21 A D 2d 409, 413), defendant's motion did ask for the "pertinent" returns and plaintiffs were self-employed in the trash business for only about a year. CPLR 104 directs liberal construction to obtain a just, speedy and inexpensive determination of civil trials. Plaintiffs' taxable year may have been fiscal or calendar and they were in the trash business

during parts of 1964 and 1965. If they were on a calendar year basis, returns for both years are necessary. Order reversed, on the law and the facts, and motion granted to the extent that defendant be granted discovery and inspection of plaintiffs' Federal income tax returns for the calendar years 1964 and 1965; with $10 costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.