**Wilfred KOLMAN and Ruth Kolman, his wife, Appellants,**

v.

**Millicent JACOBY and Kenneth Jacoby.**

**No. 18049.**

United States Court of Appeals Third Circuit.

Argued Dec. 2, 1969.

Decided Dec. 29, 1969.

Rudolph A. Chillemi, Bellis, Kolsby & Wolf, Philadelphia, Pa. (Edward L. Wolf, Philadelphia, Pa., on the brief), for appellants.

Martin S. Goodman, Philadelphia, Pa., for appellees.

Before GANEY, SEITZ and ALDISERT, Circuit Judges.

**OPINION OF THE COURT**

PER CURIAM.

In this diversity action for personal injuries arising out of an automobile collision, the jury returned a verdict for the defendant. Plaintiff-appellants make numerous assignments of error in the trial below. We have considered them all. And we conclude they are without merit.

Appellants raise several complaints about the charge to the jury. A reading of the charge as a whole shows it to reflect accurately the legal standards governing this case. Ridgway National Bank v. North American Van Lines, Inc., 326 F.2d 934 (3 Cir. 1964); Gerhart v. Henry Disston and Sons, Inc., 290 F.2d 778 (3 Cir. 1961). Moreover, no objection was made to one of these points relating to the burden of proof in damages as required under Fed.R.Civ. Proc. 51. Consequently, it cannot be considered on appeal absent our finding fundamental error. Frankel v. Burke's Excavating, Inc., 397 F.2d 167 (3 Cir. 1968). We find no such error.

Similarly, we are not persuaded by appellants' assertions that the trial judge's conduct and comments prejudiced the plaintiffs before the jury. The degree of court participation in the trial of a cause is within the sound discretion of the trial judge. Bissonette v. National Biscuit Co., 100 F.2d 1003 (2 Cir. 1939). We find no abuse here.

The judgment will be affirmed.