**Dennis R. MORLEY and Marion Schaffer**

**v.**

**Stephen BRANCA**

**v.**

**Dennis R. MORLEY, Appellant in No. 71–1222.**

**Appeal of Marion SCHAFFER, in No. 71–1223.**

**Nos. 71–1222, 71–1223.**

United States Court of Appeals, Third Circuit.

Argued Feb. 15, 1972.

Decided March 10, 1972.

Robert C. Daniels, Freedman, Borowsky & Lorry, Philadelphia, Pa., for appellants.

James J. McEldrew, McEldrew, Hanamirian, McWilliams, Quinn & Bradley, Philadelphia, Pa. (Daniel T. McWilliams, Philadelphia, Pa., on the brief) for appellee.

Before ADAMS, GIBBONS and ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Pursuant to Fed.R.Civ.P. 42, the liability and damage aspects of this case—involving an automobile collision—were tried separately to the jury. At the conclusion of the liability phase, the jury found the defendant, Stephen Branca, driver of one of the cars, solely responsible for the accident. After hearing testimony on damages, the jury awarded Dennis Morley, driver of the second car, $1,500, and Marion Schaffer, passenger in the second car, $4,350. Plaintiffs have appealed from the verdict and judgment on the ground of inadequacy, asking that they be granted new trials limited to the issue of damages.

The first witness during the damage portion of the trial was Dr. Blaker, called out of turn by the defense because of scheduling difficulties. He testified that the injury to Miss Schaffer was not serious and that there would be no residual disability. The plaintiffs' expert, Dr. Auday, then took the stand and stated his disagreement with Dr. Blaker's conclusions. By way of demonstration, he took Miss Schaffer to a point within eight inches of the jury box and had her expose the injury to the jury. He pointed out the visual difference between the collar bone on her left and right sides. Next, in a somewhat unusual procedure, he had two female jurors touch the area of the injury.[1] No objection was noted from either side concerning the touching, nor were any points for charge requested with regard to this demonstration. During closing argument, plaintiff relied to some extent on the two female jurors having touched the area of the injury to Miss Schaffer.

In his charge, apparently troubled by what had transpired during Dr. Auday's direct testimony, the district court stated:

"Now, ladies and gentlemen of the jury, that is the first time I guess in the history of this court where jurors have gotten involved in the physical examination, and there was reference to it.

"I have got to instruct you, the two ladies who touched Miss Schaffer's shoulder or clavicle, please disregard what you felt. Your obligation as a juror is not to feel, but to see and to hear, to observe. I didn't know it was going to happen, and Dr. Auday didn't mean any harm. Maybe he was like talking to students. So make your judgment on what you saw, what you heard, but not what you felt, if anything, on it. I will always keep a witness 14 inches away from a juror the next time."

Plaintiffs took no exception to this portion of the charge, and we are bound by Fed.R.Civ.P. 51, which states: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict . . . ." This court has, however, softened the impact of Rule 51 by holding that when the error is *fundamental*, it may be considered on appeal. Kolman v. Jacoby, 419 F.2d 395 (3d Cir. 1969); Frankel v. Burke's Excavating, Inc., 397 F.2d 167 (3d Cir. 1968).

In determining whether the instruction constituted fundamental error, it is important to note that the district court did permit the jury to consider its view of the injured area. The two jurors who had touched Miss Schaffer were instructed to disregard only their touching. While there is some authority that it is within the sound discretion of the trial court to permit a touching, there is none stating that the touching must be allowed. *See, e. g.,* Bluebird Baking Co. v. McCarthy, 36 N.E.2d 801 (Ohio 1935); Grubaugh v. Simon J. Murphy Co., 209 Mich. 551, 177 N.W. 217 (1920).

▮ Here the plaintiffs' own expert created a problem by asking two jurors

---

[1]. The record indicates that the touching took place in such a way that the district court could as a practical matter do nothing to prevent it.

to touch the injury. The trial judge did permit the jury to draw conclusions based on their *viewing* of the injury but did not allow the two singled-out jurors to rely on their *touching*. In these circumstances, the error, if any, committed by the district court was not so fundamental to require a new trial.

Plaintiffs additionally claim that the jury verdicts were inadequate because the district court did not permit the jurors to consider their touching of the injured area. Because we have determined that fundamental error did not occur in that portion of the charge dealing with the touching, the claim that the damages were inadequate cannot be sustained. *See* Black v. Ritchey, 432 Pa. 366, 248 A.2d 771 (1968); Ischo v. Bailey, 403 Pa. 281, 169 A.2d 38 (1961); Elza v. Chovan, 396 Pa. 112, 152 A.2d 238 (1959).

Accordingly, the judgments of the district court will be affirmed.